443 So.2d 282 (1983)
Laurie GORDON, Appellant,
v.
Barry GORDON, Appellee.
No. 83-1210.
District Court of Appeal of Florida, Second District.
December 21, 1983.
Joseph P. Hoffman, Fort Myers, for appellant.
Theodore L. Tripp, Jr., of Moorey, Seals, Garvin & Tripp, Fort Myers, for appellee.
PER CURIAM.
Laurie Gordon challenges the trial court's order dismissing with prejudice Count II of her second amended petition for dissolution of marriage. Count II alleged an intentional tort action; specifically, that during the marriage Barry Gordon converted money awarded to Laurie Gordon pursuant to settlement of her independent personal injury claim. We affirm.
We hold that the doctrine of interspousal tort immunity applies to bar Laurie Gordon's *283 recovery from her husband for the alleged conversion. Hill v. Hill, 415 So.2d 20 (Fla. 1982); West v. West, 414 So.2d 189 (Fla. 1982); Raisen v. Raisen, 379 So.2d 352 (Fla. 1979), cert. denied, 449 U.S. 886, 101 S.Ct. 240, 66 L.Ed.2d 111 (1980). In doing so, however, our opinion should not be interpreted to preclude the trial court, in the pending dissolution proceeding, from exercising its discretion in fashioning a money award for Laurie Gordon which takes into consideration "any other factor necessary to do equity and justice between the parties." § 61.08, Fla. Stat. (1981); Hill; West.
AFFIRMED.
OTT, C.J., and BOARDMAN and DANAHY, JJ., concur.