PARKER, Judge.
James Cook appeals an order awarding attorney’s fees to Kathy Cook under section 57.105, Florida Statutes' (Supp.1990) based upon the trial court’s finding that Mr. Cook had pursued a frivolous claim. We reverse, concluding that the trial court abused its discretion in awarding fees.
In 1987 Mr. Cook suffered a severe eye injury in an accident. Shortly thereafter Mr. Cook began receiving checks from various insurance companies with which he had disability insurance. Although the checks were made payable to Mr. Cook, Mrs. Cook, who was married to Mr. Cook at the time, intercepted these checks and either cashed them or deposited them in a bank account in her name only. She allegedly converted approximately $41,000 in this fashion.
The Cooks’ marriage was dissolved in 1989. Following the entry of the final judgment of dissolution, Mr. Cook, on February 15, 1991, filed a suit for conversion against several defendants, including Mrs. Cook. On April 11, 1991, Mrs. Cook’s attorney filed an amended motion to dismiss, alleging that the action was barred by the doctrines of interspousal immunity and res judicata, and a motion for attorney’s fees pursuant to section 57.105, Florida Statutes (Supp.1990). On April 12, 1991, Mr. Cook voluntarily dismissed his action without prejudice against Mrs. Cook. Mr. Cook’s attorney filed an affidavit in opposition to the fee request. He stated that he was aware of the doctrine of interspousal immunity at the time of filing the lawsuit and that he filed the suit to advance a good-faith argument to change the law in Florida in that regard. Mr. Cook’s counsel further stated that he believed that res judicata did not bar the conversion claim. The trial court held a hearing on the motion for fees and granted the motion. The trial court held in its order that the doctrine of interspousal tort immunity barred the con *646 version claim and that Mr. Cook’s counsel could have pursued his effort to change that law in the dissolution proceedings. The trial court further held that the doctrine of res judicata precluded the subsequent action because the conversion claim could have been raised in the'dissolution proceedings and, in fact, was raised and adjudicated in the dissolution proceedings. The trial court consequently ruled that Mr. Cook’s conversion claim was frivolous and awarded attorney’s fees to Mrs. Cook.
We believe that the trial court abused its discretion in awarding fees in this case. First, Mr. Cook’s counsel swore in his affidavit that he filed this subsequent action in a good-faith effort to change the law regarding the doctrine of interspousal immunity. He advanced the argument that the court should create an exception to the doctrine so that a person could bring an action against a former spouse for an intentional tort committed during the marriage. As Mr. Cook’s counsel pointed out, approximately thirty-two states have abolished the doctrine totally and fifteen states have abrogated it for intentional and/or negligent torts. See Waite v. Waite, 593 So.2d 222, 225 (Fla. 3d DCA 1991) (Gersten, J., dissenting). An award of fees pursuant to section 57.105 is inappropriate when a party makes a good-faith effort to change an existing rule of law. Muckerman v. Burris, 553 So.2d 1300 (Fla. 3d DCA 1989), review denied, 567 So.2d 435 (Fla.1990).
Secondly, Mr. Cook’s counsel argues that the trial court should not have awarded fees based on res judicata because he believed that the dissolution action did not foreclose the bringing of this action. Res judicata bars all claims which were raised or should have been raised in a previous action. Cooper v. Cooper, 69 So.2d 881 (Fla.1954); Braden v. Braden, 436 So.2d 914 (Fla. 2d DCA 1983). It appears that Mr. Cook should have raised his conversion claim in the dissolution action. In Hill v. Hill, 415 So.2d 20 (Fla.1982), the supreme court held that the wife’s claims of malicious prosecution, false imprisonment, and abuse of process against her husband should be brought in the dissolution of marriage action and not as an independent action. The court stated, “[W]e ... emphasize the authority of the trial judge in a dissolution proceeding to direct the offending spouse to pay the necessary medical expenses not covered by insurance and the judge’s authority to consider any permanent injury, disfigurement, a loss of earning capacity caused by an intentional tort in establishing alimony....” Hill, 415 So.2d at 24. See also West v. West, 414 So.2d 189 (Fla.1982) (wife’s claim for injury caused by husband intentionally throwing her to the floor should be raised in dissolution proceeding); Gordon v. Gordon, 443 So.2d 282 (Fla. 2d DCA 1983) (trial court in dissolution proceeding should fashion money award to compensate wife for her conversion claim against husband). Mr. Cook’s counsel, however, argued that the continued application of the law that an injured spouse must seek compensation in the dissolution of marriage proceeding was questionable after the supreme court’s decision in Sturiano v. Brooks, 523 So.2d 1126 (Fla.1988). In Sturiano, the supreme court held that the doctrine of interspousal immunity did not bar a widow’s action against her husband’s estate for injuries sustained in an automobile accident under certain limited circumstances. Although we do not have to decide this issue in this case, we conclude that the point is arguable and, therefore, should not be considered frivolous.[1]
Finally, we must decide whether the husband, in fact, did raise his conversion claim in the dissolution action. At the fee hearing, the trial court took judicial notice of Mr..Cook’s counterpetition for dissolution and the amended final judgment of dissolution. Paragraph 12 of Mr. Cook’s counter-petition contains the following allegation:
During the course of the marriage the Husband had a near fatal accident which required extensive rehabilitation. During the course of the rehabilitation the *647 Husband received extremely large sums of money as part of a settlement with his insurance carrier. The Husband requests this court to direct the Wife to provide him with a [sic] itemized accounting of charges and expenses made from the Husband’s money during the course of his rehabilitation.
Paragraph 4 of the final judgment provided: “In recognition of the mis-management of the marital funds, the Husband is hereby awarded the wife’s right, title and interest in and to the marital residence.... ”
The limited references to Mr. Cook’s counterpetition in the dissolution action and to the one paragraph of the final judgment of dissolution does not convince this court that this claim was litigated. Mr. Cook did seek an accounting in his counterpetition, but the trial court apparently did not rule on this request for relief. Although the trial court found that Mrs. Cook mismanaged the marital funds, we are not convinced from this limited record that that finding was tied specifically to the conversion of checks payable only to Mr. Cook. See deCancino v. Eastern Airlines, Inc., 283 So.2d 97 (Fla.1973) (generally a court must review the entire record of the previous case to determine whether the judgment is res judicata).
A court cannot award fees under section 57.105 unless there is a total and absolute lack of a justiciable issue. Muckenfuss v. Deltona Corp., 508 So.2d 340 (Fla.1987). Based on the preceding discussion, we conclude that the trial court abused its discretion in finding that Mr. Cook failed to present a justiciable issue. We, therefore, reverse the order granting the motion for attorney’s fees.
FRANK, A.C.J., and PATTERSON, J., concur.

. The Third District recently held that a wife’s postdissolution suit against her former husband was no longer barred after Sturiano. Waite v. Waite, 593 So.2d 222 (Fla. 3d DCA 1991).