610 So.2d 510 (1992)
Sybil McADAM, Appellant,
v.
John C. THOM III, as Personal Representative of the Estate of Charles Vincent McAdam, Sr., Deceased, Appellee.
No. 92-109.
District Court of Appeal of Florida, Third District.
November 17, 1992.
Rehearing Denied February 2, 1993.
*511 Paul, Landy, Beiley & Harper and Sam Daniels and Robert M. Sondak, Miami, for appellant.
Bienstock & Associates and Hector R. Rivera, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
PER CURIAM.
Sybil Speiller McAdam appeals an order of summary judgment entered in favor of the personal representative of the estate of Charles Vincent McAdam, Sr. The personal representative sought recovery for civil theft, common law conversion, and/or fraud, based upon a claim that Ms. McAdam, during her marriage to McAdam, Sr., coerced her elderly husband to transfer ownership of certain of his assets to the couple's joint ownership and thereafter, while the husband was still alive, converted these assets to her own personal possession and use.
While the personal representative's complaint states that he seeks reimbursement and damages for conduct occurring both before and after McAdam, Sr.'s death, it is clear from the representative's motion for summary judgment and his arguments on appeal that the claim was based upon Ms. McAdam's actions while her husband was still alive. We conclude that the personal representative's claim is barred by the doctrine of interspousal immunity.
Reviewing the facts, a trust containing most of the property of McAdam, Sr. was established in 1978. It provided that McAdam, Sr. would receive all income generated from the trust; he was entitled to obtain distributions of trust corpus; and, upon his death, his two daughters were to each receive one-half of the trust remainder.
In 1979, McAdam, Sr. married appellant. Soon thereafter, McAdam, Sr. began requesting distributions of the trust corpus from his son, the named trustee. The son refused to make the requested distributions and was removed from said position. Florida National Bank was named the successor trustee. Thereafter, the McAdam children brought suit, contesting each attempted distribution of trust corpus, including subsequent corporate trustees and expenditures and disbursements from the trust. The circuit court judge assigned to the case ordered that any distribution from the trust be made with prior court approval. During that time, $521,513 authorized by the trustee was paid under court order from the trust corpus.
The McAdam children then filed a separate complaint against Ms. McAdam alleging she unduly influenced McAdam, Sr. to seek funds from the trust, thereby reducing the McAdam trust corpus by the $521,513. Their complaint alleged conversion, civil theft, and tortious interference with their vested expectancy interest in the trust. A second trial judge made extensive findings and determined that Ms. McAdam had used undue influence to coerce McAdam, Sr.'s withdrawals from the trust and that her actions were the legal cause of the trust corpus invasions. However, before that decision became final, the Florida Supreme Court in Florida Nat'l Bank v. Genova, 460 So.2d 895 (Fla. 1984), held that the concept of undue influence did not apply where a settlor creates a revocable trust, which reserves control over the trust property. On rehearing, the trial judge hearing the McAdam children's claims vacated his initial judgment and entered a dismissal of their complaint with prejudice based on Genova, but also announced that he was not receding from any factual findings that he had made previously. The *512 children appealed the dismissal and the decision was affirmed. Cook v. McAdam, 479 So.2d 156 (Fla. 3d DCA 1985).
In 1985, McAdam, Sr. died and his children filed a petition to revoke probate of a will executed by McAdam, Sr. during his marriage to Ms. McAdam. A third trial judge granted the petition and held that the will was the product of undue influence. An earlier will which left nothing to Ms. McAdam was admitted into probate and appellee was appointed personal representative for the estate.
In 1989, the personal representative brought the present action against Ms. McAdam and moved for final summary judgment on the basis that the findings of fact in two earlier actions were res judicata and/or collateral estoppel on the issue of Ms. McAdam's liability. Relying on the findings of fact in the children's earlier conversion action, the lower court ordered summary judgment in the personal representative's favor as to liability, reserving ruling pending further hearings as to damages.
We conclude that the factual determinations of the earlier action are in no way controlling as to the instant dispute. Clearly, where a judgment is vacated or set aside, it is as though no judgment had ever been entered. Shields v. Flinn, 528 So.2d 967, 968 (Fla. 3d DCA 1988). Thus, factual determinations made prior to dismissal of the earlier conversion action could have no preclusive effect in the instant case. Those findings were a nullity once the judge set aside his original order. They were totally unnecessary and irrelevant to the final judgment which relied in total on Genova, and could not be utilized to collaterally estop Ms. McAdam. See Adelhelm v. Dougherty, 129 Fla. 680, 176 So. 775, 777 (1937); Zwakhals v. Senft, 206 So.2d 62 (Fla. 4th DCA 1968). Thus, summary judgment as to liability was erroneously entered in the personal representative's favor.
Having considered the actions alleged to have occurred during McAdam, Sr.'s lifetime, we conclude that under the doctrine of interspousal immunity, Ms. McAdam is not liable for conversion of McAdam, Sr.'s property during the marriage. See Hill v. Hill, 415 So.2d 20 (Fla. 1982); Cook v. Cook, 602 So.2d 644 (Fla. 2d DCA 1992); Gordon v. Gordon, 443 So.2d 282 (Fla. 2d DCA 1983).
This conclusion is not altered by the holding in Sturiano v. Brooks, 523 So.2d 1126 (Fla. 1988), which abrogated the doctrine of interspousal tort immunity to the limited extent of liability insurance where traditional policy consideration for maintaining the doctrine did not exist. The fact that McAdam, Sr. is now deceased does not alone create a cause of action where one did not exist during his lifetime. See Roberts v. Roberts, 414 So.2d 190, 191 (Fla. 1982); but see Waite v. Waite, 593 So.2d 222 (Fla. 3d DCA 1991) (holding doctrine of interspousal tort immunity did not bar wife's post-dissolution suit against her former husband). Both the nature of the personal representative's claims and Ms. McAdam's affidavit below show the validity of the defense of marital immunity to the personal representative's claims of misconduct by Ms. McAdam.
Accordingly, we reverse the summary judgment ordered, and remand for entry of summary judgment in Ms. McAdam's favor.