PER CURIAM.
Metropolitan Dade County appeals the denial of a Motion to Set Aside an Order for Return of Property.
Dade County was in possession of an automobile which had been impounded as a result of the arrest by Dade County law enforcement, of its driver, Isaac Curry. Upon completion of the criminal action the trial court entered an Order for Return of Personal Property directing the arresting authority to return the vehicle to Curry. Dade County was not a party to nor was it notified of the hearing at which the trial court issued the *668 disputed order. Some seventeen months later Dade County filed a Motion to Set Aside an Order for Return of Property, which was denied by the trial court.
An order entered without notice or opportunity to be heard is a void order. See Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926); Falkner v. Amerifirst Federal Savings and Loan, 489 So.2d 758 (Fla. 3d DCA 1986). A void order may be attacked at any time. See Shields v. Flinn, 528 So.2d 967 (Fla. 3d DCA 1988); Falkner v. Amerifirst Federal Savings and Loan, supra.
As a matter of law the trial court was obligated to grant Dade County relief from the Order for Return of Personal Property. The facts demonstrate that Dade County did not receive notice of the hearing on the Motion for Return of Property or an opportunity to be heard on said motion.
Because we find the order to be void we decline to address the jurisdictional issues raised by Dade County regarding the trial court’s power to enter an order binding a nonparty.
Reversed and remanded.