PER CURIAM.
This is an appeal from an order denying the state’s motion to vacate and set aside the trial court’s order dismissing this cause. We reverse.
The State of Florida, on behalf of Shirley D. Prinzee, originally commenced this action against Calvin Lamar Thurmond, for payment of child support, in 1984. The court subsequently entered an order confirming a stipulation between the parties for Thurmond to pay fifty dollars every two weeks as child support. In 1988, the lower court found Thurmond to be in arrears for the years 1986 and 1987. Accordingly, the court issued a writ of bodily attachment and an income deduction order.
On June 8, 1995, the trial court sua sponte entered an order scheduling an uncontested final hearing and/or status conference for this case. The face of the order clearly reflects that it was mailed only to Thurmond’s counsel, but Thurmond’s counsel was directed in the body of the order to notify all other parties. When the state thereafter failed to make an appearance at the scheduled hearing, the court entered an order dated July 18, 1995, dismissing this cause and setting aside the writ of bodily attachment.
On January 29, 1998, the state moved to vacate this order of dismissal pursuant to Florida Rule of Civil Procedure rule 1.540(b)(4) [1], on the grounds that it had received no notice of the final hearing and/or status conference and that the order was otherwise prejudicial. Although the trial court acknowledged that the state had received no notice of the hearing, it summarily denied the state’s motion. In so doing, we agree with the state that the court erred.
This court has repeatedly held that a judgment entered without notice to a party is void ab initio. See Metropolitan Dade County v. Curry, 632 So.2d 667, 668 (Fla. 3d DCA 1994); Cam-La, Inc. v. Fixel, 632 So.2d 1067, 1068 (Fla. 3d DCA 1994); McAdam v. Thom, 610 So.2d 510, 512 (Fla. 3d DCA 1992) Shields v. Flinn, 528 So.2d 967, 968 (Fla. 3d DCA 1988); Falkner v. Amerifirst Federal Savings and Loan Ass’n, 489 So.2d 758, 759 (Fla. 3d DCA 1986); Gelkop v. Gelkop, 384 So.2d 195,199 (Fla. 3d DCA 1980). In accordance with rule 1.540(b)(4), relief from a void judgment may therefore be granted at any time. See Curry, 632 So.2d at 668; Shields, 528 So.2d at 968; Falkner, 489 So.2d at 759. Indeed, this legal principle is grounded in the notion that “[t]he passage of time cannot make valid that which has always been void”. Ramagli Realty Co. v. Craver, 121 So.2d 648, 654 (Fla.1960). Thus, we conclude that the lower court abused its discretion when it denied the state’s motion seeking to vacate the order of dismissal. See Watson v. Watson, 583 So.2d 410, 411 (Fla. 4th DCA 1991); Taylor v. Bowles, 570 So.2d 1093, 1094 (Fla. 4th DCA 1990); Clement v. Marcus, Stowell & Beye, Inc., 516 So.2d 1137, 1138 (Fla. 4th DCA 1987). Hence, we reverse and remand with directions that this cause, including the writ of bodily attachment, be reinstated.
Reversed.

. This rule provides, in relevant part, that:
On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: ... (4) that the judgment or decree is void[.]
Fla. R. Civ. P. 1.540(a)(4).