# Third District Court of Appeal

## State of Florida

Opinion filed February 10, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1455
Lower Tribunal No. 08-42958
_____


**Yoanky De La Osa,**
Appellant,

vs.

**Wells Fargo Bank, N.A.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Herbert Stettin, Senior Judge.

Feiler & Leach, P.L., and Martin E. Leach, for appellant.

Carlton Fields Jorden Burt, P.A., and Nancy C. Ciampa, and Michael K. Winston, Dean A. Morande and Donna L. Eng (West Palm Beach), for appellee.

Before ROTHENBERG, LAGOA and SCALES, JJ.

SCALES, J.

Yoanky De La Osa, the defendant below, appeals the trial court's May 16, 2014 order that denied De La Osa's Verified Motion To Vacate Order Vacating Dismissal And All Subsequent Orders ("De La Osa's Motion"). Because the trial court did not retain subject matter jurisdiction to vacate its prior order that dismissed the foreclosure action of plaintiff Wells Fargo Bank N.A. (the "Bank"), we reverse.

**I. Facts**

In 2008, the Bank filed a foreclosure action against De La Osa, seeking to foreclose on De La Osa's condominium, located in Miami-Dade County.

On May 19, 2011, the trial court entered an order dismissing the Bank's case without prejudice because the Bank failed to appear at the trial scheduled for that day (the "2011 Dismissal Order").

More than two years later, on July 19, 2013, citing rule 1.540(b)(4) of the Florida Rules of Civil Procedure, the Bank filed a motion seeking to vacate the trial court's 2011 Dismissal Order.[1] The Bank argued in its rule 1.540 motion that the trial court's 2011 Dismissal Order was void because the Bank never received notice of the trial.[2]

_____

[1] The Bank filed its foreclosure complaint on June 24, 2008. The Bank filed its rule 1.540 motion to vacate the 2011 Dismissal Order on July 19, 2013, more than five years after the filing of the complaint. The Bank appears to have lost track of its case and, faced with a potential statute of limitations issue, sought relief through the procedural mechanism of rule 1.540.

On July 24, 2013, the trial court entered an order vacating its 2011 Dismissal Order (the "2013 Vacation Order"), and on January 30, 2014, the trial court entered an order setting the Bank's case for trial on March 14, 2014.[3] On that date, the trial court entered a final judgment of foreclosure against De La Osa.[4]

On April 17, 2014 – more than thirty days after the final judgment was rendered – De La Osa, through counsel, filed De La Osa's Motion. De La Osa's Motion sought to have the trial court vacate its 2013 Vacation Order, which had vacated the trial court's 2011 Dismissal Order. De La Osa's Motion sought to have all orders entered after the 2011 dismissal similarly vacated. De La Osa argued that the trial court lost jurisdiction over the case after it entered the 2011 Dismissal Order, and therefore lacked subject matter jurisdiction to enter the 2013 Vacation Order more than two years later.[5]

The trial court conducted a hearing on De La Osa's Motion.[6] De La Osa appeals the trial court's May 16, 2014 order denying De La Osa's Motion.

[2] While not relevant to the issue on appeal, we note that the certificate of service attached to the Bank's rule 1.540 motion did not include De La Osa's counsel.

[3] Again, while not relevant to the issue on appeal, we note that De La Osa was not served with these two orders, and also was not served with the Bank's witness list, exhibit list and affidavits filed by the Bank in the trial court prior to trial.

[4] De La Osa was not served with the final judgment of foreclosure.

[5] De La Osa did not make the alternate argument that the March 14, 2014 Final Judgment against him is void because he was not made aware of the post-dismissal proceeding that resulted in the Final Judgment.

**II. Standard of Review**

Ordinarily, we review a trial court's ruling on a rule 1.540 motion under an abuse of discretion standard. Rodriguez-Faro v. M. Escarda Contractor, Inc., 69 So. 3d 1097, 1098 (Fla. 3d DCA 2011). In this instance, however, the underlying issue of subject matter jurisdiction involves a pure question of law – specifically, the interpretation of a Florida rule of civil procedure – and, therefore, we review de novo the trial court's May 16, 2014 order denying De La Osa's Motion. Pino v. Bank of New York, 121 So. 3d 23, 31 (Fla. 2013); Barco v. Sch. Bd. of Pinellas Cty, 975 So. 2d 1116, 1121 (Fla. 2008).

**III. De La Osa's Argument**

De La Osa argues that, once the trial court entered the 2011 Dismissal Order, which dismissed the Bank's case without prejudice, the trial court was without jurisdiction to vacate, more than two years later, the 2011 Dismissal Order. As such, De La Osa argues, all subsequent orders entered by the trial court after that 2011 dismissal order were void for lack of subject matter jurisdiction. See Kippy Corp. v. Colburn, 177 So. 2d 193, 196-97 (Fla. 1965).

De La Osa asserts that, while rule 1.540(b) enumerates five distinct situations where the trial court may exercise jurisdiction to revisit previously entered judgments, decrees, orders or proceedings, only "judgments or decrees"

---

[6] No transcript of this hearing has been provided to this Court.

4

are subject to vacation pursuant to rule 1.540(b)(4). Further, inasmuch as the 2011 Dismissal Order is not a "judgment or decree," it may be challenged only under subsections (1), (2) or (3) and only within one year of rendition. De La Osa asserts that because the Bank's motion – seeking a rule 1.540(b) vacation of the 2011 Dismissal Order – was brought more than one year from the entry of the 2011 Dismissal Order, the trial court was without jurisdiction to enter the 2013 Vacation Order.

**IV. Analysis**

Because the 2011 Dismissal Order concluded the litigation and the trial court's jurisdiction over the case, Randle-Eastern Ambulance Serv., Inc. v. Vasta, 360 So. 2d 68 (Fla. 1978), the issue before this Court is whether rule 1.540(b) provided a mechanism for the trial court to reassert its jurisdiction to enter the 2013 Vacation Order.

*A. Scope, Purpose and Text of Rule 1.540(b)*

We begin by noting that the scope and purpose of rule 1.540(b) is to provide limited jurisdiction for a trial court to review acts of finality that, by virtue of such finality, have caused the trial court to lose jurisdiction of the case.

"A trial judge is deprived of jurisdiction, not by the *manner* in which the proceeding is terminated, but by the sheer finality of the act, whether judgment, decree, order or stipulation, which concludes litigation. Once the litigation is

5

terminated and the time for appeal has run, that action is concluded for all time. There is one exception to this absolute finality, and this is rule 1.540, which gives the court jurisdiction to relieve a party from the act of finality in a narrow range of circumstances." Miller v. Fortune Ins. Co., 484 So. 2d 1221, 1223 (Fla. 1986) (emphasis in original).

Rule 1.540(b) reads in its entirety, as follows:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a *final judgment, decree, order, or proceeding* for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the *judgment or decree* is void; or (5) that the *judgment or decree* has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. *The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken.* A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.

Rule 1.540, Fla. R. Civ. P. (emphases added)

The prefatory language of rule 1.540(b) refers broadly to those acts of finality for which a party may seek relief: "final judgment, decree, order or

6

proceeding." All or a portion of this prefatory language relates to the five specifically enumerated instances in which a trial court may exercise jurisdiction to relieve a party from such act of finality.

After identifying the five enumerated instances providing the basis for relief, the rule then prescribes that motions made pursuant to subsections (1), (2) and (3) must be filed "not more than 1 year after the judgment, decree, order, or proceeding" is rendered.

Subsections (4) and (5) of rule 1.540(b), however, are not subject to the one-year limitation on motions made pursuant to subsections (1), (2) or (3). Relief under subsections (4) or (5) must be sought only "within a reasonable time."

Finally, the rule clarifies that the trial court may always exercise jurisdiction over an independent challenge to any act of finality on the basis of fraud on the court.

### *B. Rule 1.540(b)(4) Applies Only to Judgments and Decrees, Not to Orders*

Pursuant to the express language of subsections (4) or (5), relief under these subsections is limited to a "judgment or decree." Nothing in subsections (4) or (5) indicates that these subsections provide jurisdiction to a movant seeking relief from an "order" or a "proceeding."

The language in subsections (4) and (5) is clear and unambiguous. While we may question whether a party who is the victim of a void order is any less

7

deserving of relief than a victim of a void judgment or decree, we are constrained by the rules of statutory construction to give the rule's language its plain meaning. Fla. Dep't of Transp. v. Clipper Bay Invs., LLC, 160 So. 3d 858, 862 (Fla. 2015); Barco, 975 So. 2d at 1121-22 (applying the principles of statutory construction to the Florida Rules of Civil Procedure).

We conclude that the exclusion of the words "order" and "proceeding" from subsections (4) and (5) is resistant to statutory interpretation; and that, relief under these subsections is limited to "judgments" and "decrees" previously entered by the trial court.

### C. The 2011 Dismissal Order is Not a Judgment

Having concluded that rule 1.540(b)(4) is available to revisit only "judgments or decrees," we next must determine whether the 2011 Dismissal Order is a "judgment or decree" for the purpose of rule 1.540(b) relief.

Here we note that, unlike the Rules of Appellate Procedure – which expressly and broadly define the word "order"[7] – the Rules of Civil Procedure do not supply definitions for the identified acts of finality – "judgment," "decree," "order" and "proceeding" – from which a party may seek relief under rule 1.540(b).

_____

[7] "Order. A decision, order, judgment, decree, or rule of a lower tribunal, excluding minutes and minute book entries." Fla. R. App. P. 9.020(f).

8

Where the words used in a rule or statute are not defined, we apply the plain and ordinary meaning to those words. Greenfield v. Daniels, 51 So. 3d 421, 425 (Fla. 2010). In giving plain and ordinary meanings to "judgment," "decree," "order" and "proceeding," we understand that these words have distinct meanings from one another.

In other words, if the drafters of rule 1.540(b)(4) had intended for the word "judgment" to encompass the meaning of the word "order," the drafters would not have enlisted each word for separate duty in the sentence.

A judgment is a final adjudication of the merits of an action. Makar v. Inv'rs Real Estate Mgmt., 553 So. 2d 298, 299 (Fla. 1st DCA 1989). A decree is a judgment in an equitable action. See Nichols v. Bodenwein, 146 So. 86, 93 (Fla. 1932). An order is a command, direction or instruction delivered by the trial court. *Order*, BLACK'S LAW DICTIONARY (10th ed. 2014). A proceeding generally encompasses certain other acts of litigation finality, such as a party's voluntary dismissal. See Pino, 121 So. 3d at 29.

To be clear, while the 2011 Dismissal Order might have been a final, appealable order, this factor does not convert the 2011 Dismissal Order into a "judgment" for rule 1.540(b) purposes. The 2011 Dismissal Order did not adjudicate with finality any issue in the Bank's foreclosure action against De La Osa;[8] it simply dismissed the Bank's claims without prejudice as a sanction for the

Bank not showing for trial.[9]  Therefore, for the purposes of rule 1.540(b), the 2011 Dismissal Order was an "order," not a "judgment," "decree" or "proceeding."

Because the 2011 Dismissal Order is an "order," by the express terms of rule 1.540(b), the trial court's subject matter jurisdiction to revisit the 2011 Dismissal Order existed only pursuant to rule 1.540(b)(1),(2), or (3); and also, pursuant to the express terms of rule 1.540, any motion seeking relief under subsections (1), (2) or (3) must have been brought within one year of entry of the 2011 Dismissal Order.

---

[8] We distinguish the instant case's dismissal order from the trial court's order in Department of Revenue v. Thurmond, 721 So. 2d 827 (Fla. 3d DCA 1998). While this Court in Thurmond held that the appellant was entitled to relief under rule 1.540(b)(4) from a void dismissal order, the order in Thurmond, unlike the instant order, not only dismissed the case, but it represented a final adjudication of an issue in Thurmond (setting aside a previously issued writ of bodily attachment). In its analysis, the Court in Thurmond impliedly – if not expressly – refers to the trial court's dismissal order as a "judgment." Thurmond, 721 So. 2d at 828 ("This court has repeatedly held that a judgment entered without notice to a party is void *ab initio*. In accordance with rule 1.540(b)(4), relief from a void judgment may therefore be granted at any time.") (citations omitted) (underline emphasis added).

[9] We need not, and do not, reach the issue of whether a trial court's order that dismisses a complaint, with prejudice, and that has *res judicata* effect, constitutes a "judgment" for the purposes of rule 1.540(b); however, we note that such an order has been characterized as a "final judgment" by this Court in a related context. Falkner v. Amerifirst Fed. Savs. & Loan, 467 So. 2d 746, 747 (Fla. 3d DCA 1985); see Falkner v. Amerifirst Fed. Savs. & Loan, 489 So. 2d 758, 759 (Fla. 3d DCA 1986). See also Cheshire v. Wells Fargo Bank, N.A., 175 So. 3d 886 (Fla. 1st DCA 2015) (entitling appellant to relief under rule 1.540(b)(4) from void order dismissing counterclaim with prejudice).

10

The 2011 Dismissal Order was entered on May 19, 2011; the Bank's motion to vacate the 2011 Dismissal Order was filed on July 19, 2013, well beyond the one year authorized by rule 1.540(b).[10]

**V. Conclusion**

Consequently, because rule 1.540(b)(4) did not provide the trial court jurisdiction to revisit and vacate the 2011 Dismissal Order, the 2013 Vacation Order and all proceedings thereafter, including the March 14, 2014 Final Judgment, are void.

Reversed.

---

[10] We note that rule 1.540 is substantially modeled on Rule 60 of the Federal Rules of Civil Procedure. Federal rule 60(b)(6) – which has no corollary in rule 1.540(b) – provides a mechanism for a trial court to relieve a party from a final judgment, order or proceeding for "any other reason that justifies relief." While motions made pursuant to rule 60(b)(6) must be filed "within a reasonable time," the one-year time limit of Federal rule 60(c)(1) does not apply to motions made pursuant to rule 60(b)(6). The Florida Bar's Civil Procedure Rules Committee may wish to examine the differences between the two rules.