On Motion for Rehearing En Banc
LOGUE, J.
The final order underlying this appeal dismissed a case because the Plaintiff failed to appear for trial. The Plaintiff, however, was given no notice to appear for trial and no copy of the dismissal order. Although labeled “without prejudice,” the order is final and uncontestably void. The trial court set aside this void final order pursuant to Florida Rule of Civil Procedure 1.540(b)(4), which authorizes a court to relieve a party from a void “judgment or decree.” The Defendant appealed arguing that Rule 1.540(b)(4) applies only to a void “judgment or decree” and not to a void final “order.” The original panel assigned to the case agreed with the Defendant and reversed. De La Osa v. Wells Fargo Bank, N.A., No. 3D14-1455, 2016 WL 517466, at *4 (Fla. 3d DCA 2016). On rehearing en banc, we vacate the panel opinion and affirm the trial court’s order setting aside the void final order.
ANALYSIS
Florida Rule of Civil Procedure 1.540(b) reads as follows:
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken. A motion under this *260 subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.
Writs of coram nobis, coram vobis, audi-ta querela, and bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining any relief from a judgment or decree shall be by motion as prescribed in these rules or by an independent action,
(emphasis added).
Observing that the first sentence of Rule 1.640(b) refers to “a final judgment, decree, order, or proceeding,” the Defendant took as his first premise that the drafters intended these terms to have distinct and different meanings. Applying a negative implication,[1] the Defendant reasoned that, because subsection (4) of 1.540(b) refers only to a judgment or decree, subsection (4) applies only to a void “judgment” or “decree” and not to a void final “order.” The Defendant’s conclusion follows a certain logic. But the premise is incorrect. Any difference between the terms final “judgment,” final “decree,” and final “order” disappeared long ago, at least for procedural purposes.
Over forty years ago, the Florida Supreme Court held that the term “judgment” as used in the Florida Rules of Civil Procedure included final “orders.” Laytner v. Humble Oil & Ref. Co., 262 So.2d 675, 677 (Fla. 1972). Laytner dealt with Rule 1.530, the companion rule to Rule 1.540. Otherwise, the issue in Laytner was virtually identical to the issue here.
The question in Laytner was whether Rule 1.530’s authority to rehear “judgments” included the authority to rehear “an order dismissing a complaint with prejudice.” The Court held that the term “judgment” included a final “order” for purposes of the Rule. The Court explained:
We hold that a motion to rehear an order dismissing a complaint with prejudice is proper under F.R.C.P. 1.530 because it is directed to an otherwise ap-pealable final judgment heard without a jury within the terms of the rule. This being a judgment, a motion filed within ten (10) days of its entry is proper and tolls the time for appeal. This was the procedure under the former equity rules, O’Steen v. Thomas, 1941, 146 Fla. 73, 200 So. 230, and is therefore encompassed by Rule 1.530 of our modern rules of procedure in which law and equity have been merged.
Id. (citation omitted) (emphasis added).
The principle that “judgment” as used in Rule 1.530 includes a final “order” has been repeatedly upheld in the ensuing decades. Capone v. Philip Morris USA, Inc., 116 So.3d 363, 372 (Fla. 2013) (“[Rule 1.530] has been consistently construed to authorize rehearings of orders and judgments which are final in nature”).[2] In fact, *261 the term “judgment” as used in Rule 1.530 has always been understood to include final orders of dismissal without prejudice exactly like the one in this case.[3]
There is no reason why the term “judgment” would include final “order” in Rule 1.530 but not Rule 1.540: the two Rules complement each other. Between' them, they provide just, speedy, and inexpensive ways for litigants to bring errors in final orders to the attention of the trial court. See generally Balmoral Condo. Ass’n v. Grimaldi, 107 So.3d 1149, 1151 (Fla. 3d DCA 2013) (“[R]ule 1.530 provides a short window of time for a court to reconsider a final order for a broad range of reasons; rule 1.540, on the other hand, provides a larger window of time for a court to change a final order but only for a narrow, enumerated list of reasons.”). For the Defendant’s argument to be correct, we would have to hold that the term “judgment” has different meanings in different parts of the rules of civil procedure — different even in companion rules.
As the Florida Supreme Court noted in Laytner, the interchangeability of the terms final “judgment” and final “order” stems from the merger of law and equity for procedural purposes. Laytner, 262 So.2d at 677. Significantly, the authors’ comment to Rule 1.540 also specifically cite to the merger of law and equity to explain the use of language in the rule. Fla. R. Civ. P. 1.540 (authors’ cmt. 1967) (noting the term "decrees” was included in the Rule to ensure decrees “rendered prior to January 1, 1967 [the date of the merger of law and equity] may come -within this rule”).
Modern lawyers often overlook the merger for procedural purposes of law and equity. But the merger of the procedures governing law and equity into one body of rules was one of the most revolutionary and beneficial changes in American procedural law. This revolution was accomplished by the deceptively simple and often-overlooked language of Florida Rule of Civil Procedure 1.040, which quietly provides “[t]here shall be one form of action to be known as ‘civil action.’” Because Rule 1.040 “eliminat[ed] the distinction between law and equity,” the drafters of the Rules of Civil Procedure considered Rule 1.040 “the most fundamental rule of all.” Fla. R. Civ. P. 1.040 (authors’ cmt. 1967).
Consistent with this historic change, the Florida Rules of Appellate Procedure expressly recognize the interchangeability of the terms final “order” and “judgment.” Rule 9.020(f) defines “order” as a “decision, order, judgment, decree, or rule of a lower tribunal, excluding minutes and minute book entries.” (emphasis added). This definition refutes the Defendant’s entire argument: the contention that the terms are distinct cannot be reconciled with this definition indicating the terms are interchangeable. ■
*262 Florida Rule of Judicial Administration 2.430(2) also expressly uses the term “judgment” as interchangeable with “final order, final judgment, final docket entry, final dismissal, or nolle prosequi [that] has been entered as to all parties” for procedural matters relating to document retention.
Rule 1.540 itself uses these terms interchangeably. Rule 1.540(b) expressly applies to a “judgment, decree, order, or proceeding,” but the rule also provides that “a motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation.” If we were to accept the Defendant’s premise and use of negative implication, the continuation of finality would apply only to a “judgment or decree” and not to a final order. This makes no sense.
Likewise, the Rule provides “[t]his rule does not limit the power of a court ... to set aside a judgment or decree for fraud upon the court.” Accepting the Defendant’s premise and use of negative implication, this rale would limit the power of a court to set aside a final order for fraud upon the court: an absurd result because there is no reason for the drafters to treat fraud in procuring final orders any less seriously than fraud in procuring final judgments and decrees. In addition, the authors’ comment notes that Rule 1.540 does not apply to “interlocutory judgments,” an expression that makes sense only if “judgment” also refers to “order” in contravention to the Defendant’s interpretation.
This understanding of Rule 1.540 is deeply embedded in decades of case law. This year, the Supreme Court indicated, albeit in a very short opinion, that the term “judgment” as used in the Rule included the term “order.” Francois v. Brinkmann, 2016 WL 634609 (Fla. 2016) (“The petition for writ of prohibition is hereby denied. Our decision is without prejudice to either party moving in the circuit court to vacate the circuit court’s January 6, 2016, order. See Fla. R. Civ. P. 1.540(b)(4).”) (citation omitted).
As recently as 2014, this court held that “judgment” included final “order” for purposes of Rule 1.540(b)(4). In Courtney v. Catalina, Ltd., 130 So.3d 739, 740 (Fla. 3d DCA 2014), we reversed a trial court order that failed to grant a motion under rule 1.540(b)(4) to set aside an order of dismissal for lack of prosecution “because it is undisputed in the record that he did not receive either the notice of inactivity or the final order of dismissal.” (emphasis added). Thus, in direct conflict to the Defendant’s argument, this Court has held that the term “judgment” as used in Rule 1.540(b)(4) included final “orders.”
This reasoning is not new. In 1998, this court held that the term “judgment,” as specifically used in Rule 1.540(b)(4), included final “orders.” Dep’t of Revenue v. Thurmond, 721 So.2d 827, 828 (Fla. 3d DCA 1998). In Thurmond, we reversed a trial court that declined to vacate a final order dismissing a case because the Department of Revenue failed to appear for a “final hearing and/or status conference” when the uncontested record reflected the Department was given no notice of the hearing. Id. Failure to grant the Department’s motion, which was filed under Rule 1.540(b)(4), was error because “[t]he passage of time cannot make valid that which has always been void.” Id. (quotation and citation omitted). After discussing void “judgments,” this Court held “we conclude that the lower court abused its discretion when it denied the state’s motion seeking to vacate the order of dismissal.” Id. (emphasis added).
In fact, this Court has consistently so ruled. See U.S. Bank Nat’l Ass’n v. Proenza, 157 So.3d 1075, 1076 (Fla. 3d DCA 2015) (holding the term “judgment” as *263 used in Rule 1.540(b)(4) included final “orders”); Falkner v. Amerifirst Fed. Sav. & Loan Ass’n, 489 So.2d 758, 759 (Fla. 3d DCA 1986) (reversing an order denying a motion to vacate “orders” of dismissal under rule 1.540(b)(4)).
The First and Fourth Districts have similarly held that the term “judgment” as used in Rule 1.540(b)(4) includes final orders. Cheshire v. Wells Fargo Bank, N.A., 175 So.3d 886, 887 (Fla. 1st DCA 2015) (reversing an order denying a motion to vacate an order dismissing counterclaims with prejudice under Rule 1.540(b)(4) and remanding for the limited purpose of determining whether the order dismissing the counterclaims was void because it was entered simultaneously with the trial judge’s recusal order); Garcia v. Stewart, 906 So.2d 1117, 1123 (Fla. 4th DCA 2005) (granting Rule 1.540(b)(4) relief on an “order” that disbursed surplus funds generated by a foreclosure sale and explaining that a “void final order or judgment may be attacked under rule 1.540(b)”).[4]
At bottom, the flaw in the Defendant’s argument is that it interprets Rule 1.540 without considering context. It treats Rule 1.540 as an isolated regulation with no past, no future, no purpose, and no relation to the body of law of which it is a part. But context matters. Justice Antonin Scalia, the preeminent jurist in the field of textual interpretation wrote, “words are given meaning by their context.” Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 56 (2012).
We cannot end this analysis without considering the unfortunate consequences that would result from the adoption of the Defendant’s argument. Due process requires some mechanism to set aside void final orders. After all, “by definition a void order is a nullity.” McMurrer v. Marion Cty., 936 So.2d 19, 21 (Fla. 5th DCA 2006) (citation and quotation omitted). See also Synchron, Inc. v. Kogan, 757 So.2d 564, 566 (Fla. 2d DCA 2000) (“[I]t is not contempt to disobey a void order.”) (citation and quotation omitted). Currently, Rule 1.540(b)(4) provides a just, speedy, and inexpensive method to place the factual issues that arise from a claim that an order is void in front of the judge who entered the order. If adopted, the Defendant’s argument would eliminate this useful mechanism to address void orders. The Defendant’s position ultimately serves to complicate, prolong, and increase the expense of setting aside a void matter, which the law already recognizes as a nullity.
Moreover, if the term “judgment” does not include final “orders” for purposes of Rule 1.540(b)(4), it necessarily follows that the term “judgment” does not include final “orders” for purposes of Rule 1.530, either. This means that Rule 1.530 would no longer be available as a just, speedy, and inexpensive vehicle to bring errors in final *264 orders to the attention of the trial judge, contrary to well-established law. See, e.g., Capone, 116 So.3d at 372 (“[Rule 1.530] has been consistently construed to authorize rehearings of orders and judgments which are final in nature”).
And if this were not enough, adopting the Defendant’s argument would ultimately upend the long line of eases holding that the filing of a motion for rehearing of a final order tolls the rendition of the final order for purposes of timely filing an appeal. See id. A new cottage industry would emerge of litigation focused purely on drawing an imaginary line in procedure between final judgments and final orders, because this legal fiction would control whether a matter could be reheard under Rule 1.530 or a void matter could be set aside under Rule 1.540.
In this way, adopting the Defendant’s argument would set off a series of legal changes that would reverse much of the procedural streamlining accomplished in the last half century. It would trap many unwary lawyers, delay correction of errors in final orders, and clog the appellate courts.
We do not have to drive off this cliff. A judge is not required to check his or her common sense in the robing room. Justice Scalia explained that the canon of statutory interpretation that requires related statutes to be read together is “based upon a realistic assessment of what the legislature ought to have meant. It rests on two sound principles: (1) that the body of the law should make sense, and (2) that it is the responsibility of the courts, within the permissible meanings of the text, to make it so.” Scalia & Garner, supra at 252. The requirement that we interpret texts in a manner that causes the body of law to make sense applies with particular force where we are interpreting the Rules of Civil Procedure, which are designed to function as a consistent and coherent whole.
Indeed, the Rules themselves mandate that they “shall be construed to secure the just, speedy, and inexpensive determination of every action.” Fla. R. Civ. P. 1.010. As we have previously held, the “rules of procedure essential to administer justice should never be permitted to become so technical, fossilized and antiquated that they obscure the justice of the cause and lead to results that bring its administration into disrepute.” Sundell v. State, 354 So.2d 409, 410 (Fla. 3d DCA 1978) (citing In re Estate of Gottschalk, 143 Fla. 371, 196 So. 844 (Fla. 1940)), As appellate judges, we have the responsibility to avoid the many unfortunate, unintended, and negative results that follow from adopting the Defendant’s argument where, as here, the language of the Rule, understood in context, allows us to do so.
REFERRAL TO RULES COMMITTEE
As provided in Florida Rule of Judicial Administration 2.140(a), we direct the Clerk of the Court to mail a copy of this opinion to the Clerk of the Florida Supreme Court for referral to the Civil Procedure Rules Committee to consider whether the language of the Rules would be made more clear and simple by adding a definition modeled after Florida Rule of Appellate Procedure 9.020(f), Florida Rule of Judicial Procedure 2.430(2), or Federal Rule of Civil Procedure 54(a). While Rule 1.540(b)(4) should be preserved as a just, speedy, and inexpensive vehicle to set aside final orders that are void, updating the Rules will cause no harm and may eliminate potential confusion as increasingly fewer lawyers and judges remember the *265 effects of the merger of law and equity in procedure.
CONCLUSION
The Defendant’s argument is based on the mistaken premise that there exists a difference between a final “judgment,” final “decree,” and final “order” in procedural law. Any such difference, however, was collapsed long ago when equity was merged with law for purposes of procedure, as the rules themselves expressly recognize. Adopting the Defendant’s argument would require us to overrule decades of case law and will cause confusion, delay, and unnecessary expense to courts and litigants.
Affirmed.
SUAREZ, C.J., and WELLS, SHEPHERD, and FERNANDEZ, JJ., concur.
ROTHENBERG, J., concurs in the result. See Laytner v. Humble Oil and Refining Co., 262 So.2d 675 (Fla. 1972); Reyes v. Aqua Life Corp., No. 3D15-2304 (Fla. 3d DCA Dec. 14, 2016).
LAGOA, J., concurs in the result. See Laytner v. Humble Oil and Refining Co., 262 So.2d 675 (Fla. 1972).

. A negative implication reflects the assumption that the expression of one thing implies the exclusion of the other. "Virtually all the authorities who discuss the negative-implication canon emphasize that it must be applied with great caution, since its application depends so much on context.” Antonin Scalia & Bryan A. Gamer, Reading Law: The Interpretation of Legal Texts 107 (2012)). Because this maxim is easily misapplied it has been dubbed "a valuable servant, but a dangerous master.” Crews v. Fla. Pub. Employers Council 79, AFSCME, 113 So.3d 1063, 1071-72 (Fla. 1st DCA 2013) (citation omitted).

. Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386, 1390 n.6 (Fla. 3d DCA 1986) ("To the extent that rule 1.530 authorizes rehearings on final orders that are not true final judgments, it is our conclusion that such *261 authorization extends only to those orders that partake of the character of a final judgment, i.e., orders that complete the judicial labor oh a portion of the cause.”); Derma Lift Salon, Inc. v. Swanko, 419 So.2d 1180, 1180-81 (Fla. 3d DCA 1982) ("The trial court's order of dismissal entered May 11, 1982, albeit ‘without prejudice,’ was a final appeal-able order ... subject to the further jurisdiction of the trial court only upon a timely filed motion for rehearing under Florida Rule of Civil Procedure 1.530 ... or on its own initiative within the time allowed for a rehearing motion.”).

. See, e.g., Cape Royal Realty, Inc. v. Kroll, 804 So.2d 605, 606 (Fla. 5th DCA 2002) (recognizing the trial court could use Rule 1.530 to rehear a “final order dismissing [plaintiff's] case for failure to prosecute”); Beverly Enterprises-Florida, Inc. v. Lane, 855 So.2d 1172 (Fla. 5th DCA 2003) (recognizing the trial court could rehear an order which "dismissed without prejudice for failure to prosecute”).

. Not surprisingly, Florida Statutes often use the terms final "judgment,” "decree,” and “order" interchangeably for procedural matters, see, e.g., § 55.502(1), Florida Statutes (2016) (" ‘[Fjoreign judgment’ means a judgment, decree, or order of a court of any other state....”), as do the federal rules. The federal rules of civil procedure define "judgment" as "a decree and any order from which an appeal lies.” Fed. R. Civ. P. 54(a). With this in mind, federal courts often enter "judgments of dismissal [of the case] without prejudice,” Ford v. Shinseki, 538 Fed.Appx. 803, 804 (9th Cir. 2013) (affirming "judgment of dismissal without prejudice” because veterans claims could only be heard by Court of Appeals for Veterans Claims); Brown v. Crum, 210 F.3d 367 (5th Cir. 2000) (affirming "judgment dismissing the complaint without prejudice” because plaintiff failed to exhaust administrative remedies); Berry v. Gen. Motors Corp., 848 F.2d 188 (6th Cir. 1988) (affirming "the judgment of dismissal without prejudice” for failure to allege grounds establishing subject matter jurisdiction).