Per Curiam.
This consolidated appeal concerns trial court orders entered after the court sua sponte dismissed Bank of New York Mellon’s (Bank’s) foreclosure action in 2015. *125 One appeal challenges the trial court’s February 10, 2016 order that granted the Bank’s motion for relief from judgment filed pursuant to Florida Rule of Civil Procedure 1.540(b)(4). The trial court vacated the dismissal order as void because it was entered without notice to the Bank and during a bankruptcy stay. The trial court’s order relied upon Personalized Air Conditioning, Inc. v. C.M. Systems of Pinellas County, Inc., 522 So.2d 465, 466 (Fla. 4th DCA 1988) (“Filing of a petition in bankruptcy effectuates an automatic stay of all proceedings against a debtor effective the date the petition is filed and actions taken in violation of the stay are void even if there is no actual notice of the stay.”). Rivas immediately filed a notice of appeal on February 10th. This appeal was assigned the case number 16-482.
The second appeal involves orders entered after Rivas filed his notice of appeal. Through those orders the trial court vacated the February 10th order and denied the 1.540 motion that was originally granted, thereby reinstating the 2015 dismissal order. These orders were premised on a Third District Court of Appeal opinion in De La Osa v. Wells Fargo Bank, N.A. (De La Osa I), 41 Fla. L. Weekly D382, — So.3d -, 2016 WL 517466 (Fla. 3d DCA Feb. 10, 2016) . The Bank appealed, and that appeal was assigned the case number 16-777.
In a separate order, we have consolidated the two appeals.
We first reverse the orders that are the subject of the Bank’s appeal. Rivas’s earlier-filed and then-pending notice of appeal divested the trial court of jurisdiction with respect to this matter. See Fla. R. App. P. 9.130(f).
We next affirm the trial court’s February 10, 2016 order that set aside the 2015 dismissal of the Bank’s foreclosure action. The trial court’s subsequent orders vacating that decision relied, albeit without jurisdiction, upon De La Osa I. However, that opinion has since been vacated in an en banc opinion. See De La Osa v. Wells Fargo Bank, N.A. (De La Osa II), No. 3D14-1455, 208 So.3d 259, 2016 WL 7232272 (Fla. 3d DCA Dec. 14, 2016) (en banc) (affirming trial court’s order setting aside a final order of dismissal upon concluding that Rule 1.540(b)(4) applies to final orders). We agree with the Third District’s en banc decision and consequently affirm the trial court’s February 10, 2016 order that granted the Bank’s 1.540 motion for relief from the 2015 dismissal order. De La Osa II, No. 3D14-1455; see also Garcia v. Stewart, 906 So.2d 1117, 1123 (Fla. 4th DCA 2005) (“A void final order or judgment may be attacked under rule 1.540(b).”).
Based on the foregoing, the case is remanded to the trial court for further proceedings consistent with this opinion.
Gerber, Forst and Klingensmith, JJ., concur.