# Third District Court of Appeal

## State of Florida

Opinion filed December 14, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-98
Lower Tribunal No. 13-7413
_____

**Metropolitan Mortgage Company of Miami, etc.,**
Appellant,

vs.

**Ivor H. Rose, etc.,**
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Alan Fine, Judge.

Shutts & Bowen LLP, Patrick G. Brugger, and Matthew S. Sackel, for appellant.

Law Offices of Anthony Accetta, P.A., Anthony Accetta, Law Office of Lazaro Vazquez, P.A., Lazaro Vazquez, Quintana Law Firm, J. Luis Quintana, and Kirk Villalón, for appellee.

Before EMAS, HENDON, and MILLER, JJ.

MILLER, J.

Appellant, Metropolitan Mortgage Company of Miami, challenges a lower court order denying its Florida Rule of Civil Procedure 1.540(b) motion to vacate an order of dismissal for failure to prosecute. Because "the uncontroverted facts showed that [Metropolitan Mortgage and its counsel] did not receive notice," we conclude the trial court was obligated to grant relief. Falkner v. Amerifirst Fed. Sav. & Loan Ass'n, 489 So. 2d 758, 759 (Fla. 3d DCA 1986).

## BACKGROUND

This case is one of eight related lawsuits filed contemporaneously by the law firm of Shutts & Bowen, LLP on behalf of Metropolitan Mortgage. Five of the cases involving claims against appellee, Ivor H. Rose, were consolidated for discovery purposes. The parties engaged in protracted discovery, and, in 2018, the five cases were set for a non-jury trial.[1] Shortly before the slated trial date, the parties reached an oral settlement which later culminated in written agreements in the five consolidated cases.

Meanwhile, in 2016, the clerk of court generated a notice of inactivity pursuant to Florida Rule of Civil Procedure 1.420(e) and order to appear for hearing in the instant case. Although the notice reflected it was mailed to "all

---

[1] Rose's related claim against third-party defendant Stewart Title Guaranty Company was severed.

counsel/parties of record," it further indicated "METROPOLITAN MORT CO OF MIA No Known Address." Only Rose's counsel appeared at the hearing on the notice of inactivity, and a predecessor judge dismissed the case for failure to prosecute.

The settlements in the consolidated cases were formalized in 2019, and lead counsel for Metropolitan Mortgage subsequently discovered the order of dismissal on the docket. A week later, he filed a motion seeking to void the dismissal pursuant to Florida Rule of Civil Procedure 1.540(b). In the motion, he contended neither he nor his client received the notice of inactivity and the ensuing order. He attributed the lack of notice to the clerk's failure to enter his law firm as counsel of record on the docket.

The court conducted a preliminary hearing, at which Rose's counsel commendably conceded, "[i]f [Metropolitan Mortgage's counsel] says he didn't get it, he didn't get it." Nonetheless, because the parties disputed whether Metropolitan Mortgage pursued relief within a reasonable time, the trial court granted an evidentiary hearing.

At the hearing, Metropolitan Mortgage's lead counsel testified he did not receive the notice of inactivity or dismissal order and was unable to locate the relevant documents in Shutts & Bowen's internal filing system. An associated attorney corroborated his testimony to the extent that she did not

3

receive the documents, and the president of Metropolitan Mortgage attested that he did not receive either document.

Rose did not rebut the testimony and instead argued that Metropolitan Mortgage unreasonably delayed in seeking relief from judgment. At the conclusion of the hearing, the court denied relief. The instant appeal followed.

## STANDARD OF REVIEW

Ordinarily, we review an order denying relief from a final judgment under Florida Rule of Civil Procedure 1.540(b) for an abuse of discretion. See Shields v. Flinn, 528 So. 2d 967, 968 (Fla. 3d DCA 1988). However, "[a] decision whether or not to vacate a void judgment is not within the ambit of a trial court's discretion; if a judgment previously entered is void, the trial court must vacate the judgment." Wiggins v. Tigrent, Inc., 147 So. 3d 76, 81 (Fla. 2d DCA 2014); see also Horton v. Rodriguez Espaillat y Asociados, 926 So. 2d 436, 437 (Fla. 3d DCA 2006) (quoting State, Dep't of Transp. v. Bailey, 603 So. 2d 1384, 1386–87 (Fla. 1st DCA 1992)) ("If it is determined that the judgment entered is void, the trial court has no discretion, but is obligated to vacate the judgment.").

## ANALYSIS

4

Florida Rule of Civil Procedure 1.540(b)(4) authorizes relief from void judgments and decrees. The text of the rule expressly requires the moving party to file the motion for relief "within a reasonable time." Nonetheless, this court and our sister courts have "universally agreed that, despite the 'reasonable time' language of this and virtually identical rules, a motion attacking a void judgment need *not* be made within a reasonable time and can . . . be made at any time." Falkner, 489 So. 2d at 759–60 (Pearson, J., specially concurring); Reyes v. Aqua Life Corp., 209 So. 3d 47, 51 (Fla. 3d DCA 2016) ("Judgments entered without notice are void, and relief from a void judgment may be granted at any time."); Metropolitan Dade County v. Curry, 632 So. 2d 667, 668 (Fla. 3d DCA 1994) (citations omitted) ("An order entered without notice or opportunity to be heard is a void order. A void order may be attacked at any time."). Consequently, while Rose persuasively argues that Metropolitan Mortgage unreasonably delayed the filing of the motion, we are constrained by our precedent to eschew equitable factors and examine only whether the judgment is void.[2]

---

[2] Rose essentially contends the settlement agreement contemplated this case would remain dismissed. Our ruling is without prejudice to the parties taking further action, including, but not limited to, enforcing the settlement terms in the related cases.

"A judgment is void," rather than voidable, "when it is entered by a court lacking jurisdiction over the subject matter of the case or jurisdiction over the person . . . or where there is a violation of due process." State Farm Mut. Auto. Ins. Co. v. Statsick, 231 So. 3d 528, 531 (Fla. 2d DCA 2017). Conversely, "a voidable judgment is a judgment that has been entered based upon some error in procedure that allows a party to have the judgment vacated, but the judgment has legal force and effect unless and until it is vacated." Sterling Factors Corp. v. U.S. Bank Nat. Ass'n, 968 So. 2d 658, 665 (Fla. 2d DCA 2007). A final judgment "entered without notice and an opportunity to be heard is void as a violation of due process." Purdue v. R.J. Reynolds Tobacco Co., 259 So. 3d 918, 922 (Fla. 2d DCA 2018); see also Curbelo v. Ullman, 571 So. 2d 443, 445 (Fla. 1990).

In construing the reach of rule 1.540(b), this court has held the term "judgment" is synonymous with final "order." See State, Dep't of Revenue v. Thurmond, 721 So. 2d 827, 828 (Fla. 3d DCA 1998) (finding Florida Rule of Civil Procedure 1.540(b)(4) mandated reversal of trial court's order); De La Osa v. Wells Fargo, N.A., 208 So. 3d 259, 260 (Fla. 3d DCA 2016) ("Any difference between the terms final 'judgment,' final 'decree,' and final 'order' disappeared long ago, at least for procedural purposes.").

Against these principles, we examine the case at hand. The notice of inactivity and order of dismissal both reflected they were mailed to the parties and counsel of record. Thus, the trial court correctly found the clerk was presumed to have properly discharged its duties and forwarded the document to both Metropolitan Mortgage and its counsel. See Purdue, 259 So. 3d at 923; Scott v. Johnson, 386 So. 2d 67, 69 (Fla. 3d DCA 1980). Indeed, "[t]o do otherwise . . . would amount to an imputation of fraud against the Clerk." Wells v. Thomas, 78 So. 2d 378, 384 (Fla. 1954).

This does not, however, end our analysis. Metropolitan Mortgage presented evidence that neither the client nor the attorneys received the documents. While a bare denial of receipt has generally been deemed insufficient to overcome the presumption of notice, see Scott, 386 So. 2d at 69, in this case, lead counsel testified that his internal system was devoid of the notice or order of dismissal, see Taylor v. Taylor, 67 So. 3d 359, 362 (Fla. 4th DCA 2011). Further, Shutts & Bowen was purportedly not entered by the clerk as the firm of record on the docket, and the notice of inactivity specifically indicated the address for the client was unknown. Under these circumstances, Metropolitan Mortgage adequately rebutted the presumption of notice. See Roberts v. Lando, 652 So. 2d 1226, 1227 (Fla. 3d DCA 1995) (finding defendant rebutted the presumption by presenting evidence in the

7

form of sworn testimony from counsel and bondsperson that they did not receive notice from the clerk); Abrams v. Paul, 453 So. 2d 826, 828 (Fla. 1st DCA 1984) ("The presumption raised by the certificate of service is clearly not conclusive. Neither is a sworn denial of receipt either sufficient or insufficient as a matter of law in rebuttal of the presumption . . . . The dictum in Scott should not, in light of the cited authorities, be taken to mean that a sworn denial of receipt is insufficient as a matter of law to overcome the rebuttable presumption."); Baxter v. Baxter, 684 So. 2d 886, 888 (Fla. 5th DCA 1996) ("[S]worn testimony rebuts the presumption created by the Certificate of Service and creates a fact issue . . . ."); Taylor, 67 So. 3d at 362 (holding appellant's sworn statements established he did not receive proper notice when appellee did not rebut that evidence with any sworn statements).

Accordingly, the record establishes the order of dismissal is void as violative of due process, and Metropolitan Mortgage was entitled to relief in the trial court. See Falkner, 489 So. 2d at 759. We therefore reverse and remand for reinstatement of suit.

Reversed and remanded.

8