KAHN, J.
 

 On behalf of the mother, Casey Poynter, the Department of Revenue (DOR), challenges a final judgment of paternity directing the DOR to allocate a portion of Poynter’s public assistance benefits to the father. We reverse, because the trial court lacked authority to make such a determination. Additionally, such finding as to the DOR contravenes due process of law, and is not allowed by the controlling statute.
 

 BACKGROUND
 

 On July 13, 2009, Casey Poynter, the mother of S.R.B., brought an individual action against the appellee, Shawn A. Bun-nell, to establish paternity and her right to child support. DOR moved to intervene
 
 *545
 
 and amend the style of the case, asserting that Poynter “was receiving public assistance or is otherwise eligible for the services of the Department which have been requested.” Before the Department’s motion could be heard, the trial court held a hearing on the paternity and support action and rendered a final judgment of paternity.
 

 The judgment established Bunnell as the legal and natural father of S.R.B. and ordered joint custody and shared responsibility of the child, pursuant to section 61.13(2), Florida Statutes (2009). Noting that the statutorily required support calculation was de minimis, the court stated, “no child support payment shall be required until the parties financial positions change or their parenting allocations change.” Further, the court instructed DOR to allocate “[pjresent AFDC [Aid to Families with Dependent Children] assistance available for said child” equally between the parents. In a subsequent order granting the motion to intervene, the court ordered that the style of the case “be amended to reflect the intervention of [DOR] as a party to this matter.”
 

 On appeal, DOR characterizes the final judgment as erroneous as a matter of law, asserting that public assistance to eligible recipients no longer is paid under AFDC, but by the Temporary Assistance for Needy Families (TANF) federal block grant program. Moreover, DOR contends that only the appropriate state agency, not the trial court, can make a determination as to TANF eligibility. We review de novo whether the trial court applied the correct legal standard.
 
 See Nelson Tree Serv. Inc. v. Gray,
 
 978 So.2d 198, 201 (Fla. 1st DCA 2008).
 

 ANALYSIS
 

 We acknowledge at the onset, and briefly explain, the benefit misidentification of which the Department complains. As part of the Congress’ welfare reform efforts of 1996, the AFDC entitlement program was discontinued and replaced by the TANF federal block grant program, to be overseen at the federal level by the United States Department of Health and Human Services (HHS).
 
 See
 
 42 U.S.C. § 601 (1997). In Florida, TANF is administered by the Department of Children and Families (DCF), pursuant to chapter 414, Florida Statutes (2009). Under the definition section of chapter 414, “ ‘[temporary cash assistance’ means cash assistance provided under the state program certified under Title IV-A of the Social Security Act, as amended.”
 
 See
 
 § 414.0252(12). The “state program” certified under Title IV-A is TANF, providing for block grants to states for temporary assistance to needy families.
 
 See
 
 42 U.S.C. § 601. From a semantic standpoint, therefore, the court erred in referring to assistance under the now defunct Aid to Families with Dependent Children program. We cannot, however, simply strike that portion of the order referring to AFDC, but must address the import of the order as if it had correctly characterized TANF.
 

 The question turns on the authority of the trial court to make a ruling as to TANF eligibility. Pursuant to section 414.095(1), “[t]he department [DCF] shall make a determination of eligibility” for temporary cash assistance. Such determinations are to be based on criteria listed in chapter 414, and must be preceded by an application for assistance.
 
 See
 
 §§ 414.095(1) (requiring applicant to be a legal resident of the state), 414.095(8). Here, the final judgment ordered DOR to allocate present assistance being received by Poynter equally between the parties. TANF eligibility determinations being the sole province of DCF, the court erred as a matter of law by, in effect, making a deter
 
 *546
 
 mination as to public assistance eligibility in the final judgment of paternity.
 

 Even if we assume the court had proper judicial authority to make a ruling on TANF eligibility, the order on its merits cannot be reconciled with the provisions of Florida’s temporary cash assistance statute. “If the parents of a minor child live apart and equally share custody and control of the child, a parent is ineligible for ... assistance unless the parent clearly demonstrates ... that the parent provides primary day-to-day custody.”
 
 See
 
 § 414.095(14)(i). Record evidence in this matter indicates that the mother and father live at separate addresses, and that Poynter had qualified for and was receiving TANF funds. Only one parent can provide “primary” day-to-day custody — if the mother was receiving TANF benefits on account of her provision of primary day-to-day custody, then the father could not also demonstrate the same. As a result, the judgment directing the Department to allocate to the father a portion of the mother’s TANF benefits countermands the terms of section 414.095(14)®.
 

 For future purposes, we note also that the judgment mischaracterizes the delegated executive authority regarding allocation of benefits. DCF is charged with the administration of TANF benefits under Florida law.
 
 See
 
 §§ 414.025-414.55, Fla. Stat. DOR, on the other hand, oversees the administration of Florida’s child support enforcement program, which the state must maintain as a precondition to receiving federal grants under the TANF program.
 
 See
 
 § 409.2557(1), Fla. Stat. The court, although crafting what it saw as a just result, therefore encroached upon the statutory duties of DCF to the extent its judgment directs DOR to allocate the TANF benefits at issue.
 

 Finally, we consider the Department’s due process claim. Whether the trial court has complied with the guarantees of due process is subject to de novo review.
 
 See Engle v. Liggett Group, Inc.,
 
 945 So.2d 1246 (Fla.2006). The constitutional guarantee of due process, “ ‘which extends into every proceeding, requires th[at] the opportunity to be heard be full and fair, not merely colorable or illusive.’ ”
 
 See Edelman v. Breed,
 
 836 So.2d 1092, 1094 (Fla. 5th DCA 2003) (quoting
 
 Pelle v. Diner’s Club,
 
 287 So.2d 737, 738 (Fla. 3d DCA 1974)). The right to be heard “has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.”
 
 See Mullane v. Cent. Hanover Bank & Trust Co.,
 
 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).
 

 Nothing in the record indicates that either the court or the parties expressed an intent to entertain issues of public assistance at the hearing on the petition to determine paternity. Neither the petition nor any other pleading before the court mentions public assistance benefits, TANF or otherwise. Nor did the court notice this issue for hearing. By entering the final judgment disposing of a public assistance issue, and thereby depriving DOR of an opportunity to be heard, the court skirted the requirements of due process.
 
 See Mullane,
 
 339 U.S. at 314, 70 S.Ct. 652. For these reasons, we REVERSE the final judgment and REMAND for proceedings consistent with this opinion.
 

 VAN NORTWICK and THOMAS, JJ., Concur.