# Third District Court of Appeal

## State of Florida

Opinion filed March 09, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-291
Lower Tribunal No. 10-32418
_____

## The State of Florida, Department of Revenue ex rel. Tomeika L. Johnson,

Appellant,

vs.

## James Haughton,

Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Pamela Jo Bondi, Attorney General, and William H. Branch (Tallahassee), Assistant Attorney General, for appellant.

James Haughton, in proper person.

Before SHEPHERD, ROTHENBERG, and SALTER, JJ.

ROTHENBERG, J.

The State of Florida, Department of Revenue ("DOR") appeals the trial court's order denying its rule 1.540(b)(4) motion to vacate the order terminating James Haughton's ("Haughton") obligation to pay child support arrears. Because DOR did not receive any notice of the hearing conducted on Haughton's motion to terminate the arrears, DOR's due process rights were violated and the order terminating Haughton's obligation to pay arrears is void. We therefore reverse the order denying DOR's rule 1.540(b)(4) motion and remand for proceedings consistent with this opinion.

## BACKGROUND

In 1997, Haughton was adjudicated the biological father of Tomeika Johnson's child. At the time, Haughton waived any paternity test. After discovering that he might not be the child's father, Haughton filed an action in circuit court contesting his paternity and child support obligations from 2010 to 2012. When DNA tests confirmed that there was a zero percent chance that Haughton was the child's biological father, the trial court issued an order disestablishing paternity, suspending Haughton's child support obligations from June 1, 2011 (the filing date of Haughton's amended and final petition) onwards, and requiring DOR to conduct a financial review of Haughton's child support payment history to determine what child support arrears were currently due.

2

In June 2012, Haughton filed a motion seeking to terminate all of his child support obligations and arrears. Following a hearing conducted in August 2012, the trial court entered an order: (1) finding that the prior order terminating Haughton's child support obligations did not specify whether Haughton was required to pay arrears, (2) requiring DOR to attempt to clarify the prior order, and (3) reserving ruling on the arrears. Although DOR moved to amend the prior order terminating Haughton's child support obligations, the motion was denied when DOR failed to appear at the hearing on the motion.

In November 2013, Haughton requested a hearing on his motion to terminate his child support arrears. Haughton, however, filed his request under a different case number and failed to send a copy of his motion to DOR, and when the trial court issued its notice of the hearing for November 26, 2013, this notice was also not sent to DOR. At the scheduled hearing, the trial court issued the order under review, which granted Haughton's motion to terminate the child support arrears based on the fact that Haughton was not the child's biological father.

On August 29, 2014, DOR filed a motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540(b)(4), alleging that DOR first discovered the November 26, 2013 order in August 2014; it has been involved in this case since 2010; Haughton's motion for a hearing on his motion to terminate the child support arrears was improperly filed under a different case number than the one

3

under which the 2012 order terminating the child support obligations was entered; and DOR was not provided with notice of the November 26, 2013 hearing, in violation of its due process rights. The motion requested that the trial court set aside its order terminating the child support arrears and allow DOR to proceed with its pending motion to determine arrears in the prior case number.

At the hearing on DOR's rule 1.540(b)(4) motion, the trial court issued an order denying DOR's motion and found that Haughton was not responsible for the arrears due prior to disestablishing paternity because he was not the father of the child.

## ANALYSIS

Section 742.18(5), Florida Statutes (2006), requires a party to pay child support arrears that accumulated during the time that he was considered the legal father of the child, even if his paternity is later disestablished. We, however, do not address the propriety of the trial court's order setting aside the arrears. The sole issue on appeal is whether the trial court erred by denying DOR's rule 1.540(b)(4) motion, which sought to vacate the trial court's order terminating the child support arrears based on the failure to provide DOR with notice.

A trial court's denial of a rule 1.540 motion is reviewed for an abuse of discretion. Shields v. Flinn, 528 So. 2d 967, 968 (Fla. 3d DCA 1988). However, an order issued without notice to a party is void. See Dep't of Transp. v. Bailey, 603

4

So. 2d 1384, 186-87 (Fla. 1st DCA 1992). The trial court's order setting aside the arrears owed by Haughton was issued without any notice to DOR, and therefore, the trial court's order in the instant case was entered in violation of DOR's fundamental due process rights. The order is, therefore, void, see Shields, 528 So. 2d at 968, and the trial court was required to grant DOR's rule 1.540(b)(4) motion to set aside the order.

The most basic requirement of procedural due process is that a party to the litigation must be provided with notice and an opportunity to be heard. State, Dep't of Revenue ex rel. Lawson v. Young, 995 So. 2d 1080, 1081 (Fla. 1st DCA 2008). "The right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." Dep't of Revenue ex rel. Poynter v. Bunnell, 51 So. 3d 543, 546 (Fla. 1st DCA 2010) (internal quotation omitted).

In child support cases where DOR is an interested party, DOR must be guaranteed the same due process rights as any other litigant. See Bunnell, 51 So. 3d at 546 (stating that "[b]y entering the final judgment disposing of a public assistance issue, and thereby depriving DOR of an opportunity to be heard, the court skirted the requirements of due process").

Here, DOR was an interested party when it filed its complaint to establish paternity and award child support in 1997, and it continued to be a party in 2010

5

when Haughton first sought to disestablish paternity. Despite DOR's constant participation in the proceedings, no notice was sent to DOR of the November 26, 2013 hearing. The record reflects that when Haughton requested a hearing on his outstanding motion to terminate child support arrears, he only provided copies of his motion to the trial court and to the child's mother. Likewise, when the trial court set the hearing on Haughton's motion, it only provided notice to Haughton and the child's mother.

The lack of notice to DOR violated DOR's due process rights and renders the order void. Thus, the trial court abused its discretion by denying DOR's rule 1.540(b)(4) motion to vacate the order. Accordingly, we reverse the order under review with instruction to the trial court to conduct a new hearing on Haughton's motion to terminate his child support arrears with prior notice to DOR.

Reversed and remanded.