# Third District Court of Appeal

## State of Florida

Opinion filed December 14, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2304
Lower Tribunal No. 10-43274
_____

**Humberto Reyes,**
Appellant,

vs.

**Aqua Life Corp., etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Law Offices of Sina Negahbani, and Sina Negahbani, for appellant.

Perez & Rodriguez, P.A., and Javier J. Rodriguez, Freddy X. Muñoz, and Johanna Castellon-Vega, for appellee.

Before ROTHENBERG, SALTER, and EMAS, JJ.

ROTHENBERG, J.

Humberto Reyes, the plaintiff below, appeals the denial of his verified motion to vacate an order dismissing his lawsuit for lack of prosecution filed pursuant to Florida Rule of Civil Procedure 1.540(b)(4). Because the dismissal of Reyes's lawsuit constituted a final judgment in the cause, the order of dismissal was granted at a hearing conducted without notice to Reyes, and there was clearly record activity which precluded the entry of the dismissal, we reverse the trial court's order denying Reyes's motion to vacate the order of dismissal and remand for the reinstatement of the lawsuit.

The record in this case reflects a laundry list of errors and a system-wide failure to provide notice to Reyes, the trial court, and even to the defendant, Aqua Life Corp., d/b/a Pinch A Penny #43 ("the appellee"). This case commenced in circuit court on August 31, 2010, and included two causes of action: (1) a claim alleging worker's compensation retaliation filed pursuant to section 440.205 of the Florida Statutes; and (2) for unpaid overtime wages in violation of the Federal Fair Labor Standard Act. One month later, on September 30, 2010, the appellee issued a Notice of Removal and removed the entire case to federal court. Although the appellee was required to file a copy of its Notice of Removal with the circuit court to notify the circuit court and the clerk of the court that the case had been removed to federal court, see 28 U.S.C. § 1446(d), the appellee failed to file a copy of its

Notice of Removal or otherwise inform the circuit court judge or the clerk of the removal.

The failure of the appellee to provide this notice was critical. Because removal results in an automatic stay of the proceedings in state court, no further activity or action is permissible or may be conducted in the circuit court, and the notice informs the circuit court that it may not proceed unless and until the case is remanded. Specifically, 28 U.S.C. § 1446(d) states the following:

> **Notice to adverse parties and State court**.—Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

After nearly two years, the federal court remanded the retaliation claim back to the circuit court on June 13, 2012. The circuit court, which apparently was not aware of the removal of the case to federal court, the automatic stay of the circuit court proceedings, or the federal court's order remanding the retaliation claim back to the circuit court, saw that there had been no record activity for over a year, and allegedly issued a notice of dismissal for lack of prosecution on September 22, 2012, and set a hearing for January 25, 2013. However, it appears that the Clerk's office did not send this notice to either Reyes or the appellee, and it is undisputed that neither received any notice. Thus, the parties proceeded with the case without responding to the circuit court's notice of dismissal for lack of prosecution. Reyes

3

issued a Notice for Trial on October 30, 2012, which was docketed on the same day, and on October 31, 2012, the appellee filed an amended answer to the complaint and a motion to strike the Notice for Trial, claiming that it needed additional time to conduct discovery.

Although the hearing on the circuit court's notice of dismissal was set without notice to Reyes for January 25, 2013, the hearing was actually held on January 29, 2013, and again, no notice was sent to Reyes. When no one appeared for the hearing, the circuit court dismissed Reyes's lawsuit for lack of prosecution. This was clear legal error for three separate reasons.

The first error was issuing a notice of dismissal for lack of prosecution in the first place. The lack of record activity for a year preceding the notice was as a result of the removal of the entire case to federal court and the automatic stay in effect in the circuit court. Had the trial court been notified of the removal, it would not have mistakenly included the time the case was under a mandatory stay when computing the time of no record activity. The federal court remanded Reyes's retaliation claim back to the circuit court in June 2012, thereby lifting the stay. Thus, when the circuit court issued its notice of dismissal in September 2012, the period of "no record activity" was, at best, for only three months. And, as already noted, this error was caused by the appellee's failure to file the requisite notice in the circuit court informing the circuit court of the removal.

4

The second error was that the circuit court lacked the authority to dismiss the case for lack of prosecution on January 29, 2013 because there was, in fact, record activity during the one-year period prior to the dismissal. On October 30, 2012, Reyes noticed the case for trial, and on October 31, 2012, the appellee filed an amended answer and a motion to strike Reyes's notice for trial, both of which established record activity precluding dismissal for lack of prosecution. See Mikos v. Sarasota Cattle Co., 453 So. 2d 402, 403 (Fla. 1984) (approving the decision of the Second District Court of Appeal which held that "once a plaintiff has given notice that it is ready for trial, the trial court must enter an order fixing a date for trial and is therefore precluded from dismissing the action for lack of prosecution should the plaintiff fail to take any further action"), receded from in part by Fishe & Kleeman, Inc. v. Aquarius Condo. Ass'n, 524 So. 2d 1012, 1012-13 (Fla. 1988) (holding that "the bar against dismissal terminates after the trial court has taken action in response to the notice for trial"); Cabrera v. Pazos, Larrinaga & Taylor, P.A., 922 So. 2d 422, 424 (Fla. 2d DCA 2006); Howland Feed Mill, Inc. v. Hart, 774 So. 2d 962 (Fla. 1st DCA 2001).

The third and most egregious error, however, was the failure to give Reyes notice and an opportunity to be heard, which denied Reyes his fundamental right to due process. State, Dep't of Revenue ex rel. Johnson v. Haughton, 188 So. 3d 32, 34 (Fla. 3d DCA 2016); Jade Winds Ass'n v. Citibank, N.A., 63 So. 3d 819, 822

5

(Fla. 3d DCA 2011).  As the First District Court of Appeal noted in Department of Revenue ex rel. Poynter v. Bunnell, 51 So. 3d 543, 546 (Fla. 1st DCA 2010), "[t]he right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." (internal quotations omitted).

The record reflects that notice was not sent nor received by Reyes, and Reyes was not put on notice in writing or otherwise of the circuit court's notice to dismiss his case for lack of prosecution or of the order actually dismissing the case. In Haughton, 188 So. 3d at 34, this Court held that "an order issued without notice to a party is void."  This Court also found in State, Department of Revenue ex rel. of Prinzee v. Thurmond, 721 So. 2d 827, 828 (Fla. 3d DCA 1998), that the trial court abused its discretion when it denied the State's motion to vacate an order dismissing the cause filed under rule 1.540(b)(4).  Specifically, this Court held that because the State had not received notice, the order of dismissal was void and "[t]he passage of time cannot make valid that which has always been void." Thurmond, 721 So. 2d at 828 (quoting Ramagli Realty Co. v. Craver, 121 So. 2d 648, 654 (Fla. 1960)).

We also note that the order of dismissal entered on January 29, 2013 and filed with the Clerk on February 1, 2013, states in the heading that it is a "Motion, Notice and Judgment of Dismissal."  Based on the heading and the legal effect of

6

the dismissal of the entire case for lack of prosecution, we treat the order as a final judgment. See De La Osa v. Wells Fargo Bank, N.A., No. 3D14-1455 (Fla. 3d DCA Dec. 14, 2016) (en banc) (holding that the term "judgment" as used in rule 1.540(b) includes final orders); Kaufman v. Heller, 616 So. 2d 1064, 1065 (Fla. 3d DCA 1993) (treating an order issued on possession of real property as a final judgment because it was "a final disposition of the whole merits of the landlord's cause before the court"), see also Courtney v. Catalina, Ltd., 130 So. 3d 739, 740 (Fla. 3d DCA 2014) (treating Courtney's motion to vacate a final order dismissing the case for lack of prosecution filed pursuant to rule 1.540(b)(4) as a motion for relief of a void judgment or decree and reversing the trial court's order denying him relief under rule 1.540(b)(4)); Falkner v. Amerifirst Fed. Sav. & Loan Ass'n, 489 So. 2d 758 (Fla. 3d DCA 1986) (treating the order dismissing the complaint as a void final judgment due to lack of notice, and finding that the trial court erred by failing to vacate the order of dismissal pursuant to rule 1.540(b)(4)).

Judgments entered without notice are void, and relief from a void judgment may be granted at any time. See Tannenbaum v. Shea, 133 So. 3d 1056, 1060 (Fla. 4th DCA 2014) (holding that a void judgment maybe attacked at any time under rule 1.540(b)(4)); Shiver v. Wharton, 9 So. 3d 687, 690 (Fla. 4th DCA 2009) (holding that "[a] judgment is void if, in the proceedings leading up to the judgment, there is '[a] violation of the due process guarantee of notice and an

7

opportunity to be heard'" (quoting <u>Viets v. Am. Recruiters Enters.</u>, 922 So. 2d 1090, 1095 (Fla. 4th DCA 2006)); <u>Sterling Factors Corp. v. U.S. Bank Nat'l Ass'n</u>, 968 So. 2d 658, 665 (Fla. 2d DCA 2007) (finding that when a judgment is void, "it is deemed never to have had legal force and effect"); <u>Shields v. Flinn</u>, 528 So. 2d 967, 968 (Fla. 3d DCA 1988) (holding that, because Shields did not receive notice of the trial, the judgment was void, and thus, the trial court erred by denying Shield's motion to vacate the dismissal, which was filed approximately two years after the entry of the judgment under rule 1.540(b)(4)); <u>Falkner</u>, 489 So. 2d at 758-59 (holding that a judgment entered without service of process is void, and therefore, as a matter of law, the trial court was obligated to grant relief under rule 1.540(b)(4) from the judgment dismissing the complaint).

## Conclusion

The trial court erred when it issued a notice of dismissal for lack of prosecution which failed to take into consideration the period of time the case was under a mandatory stay and by granting a dismissal for lack of prosecution when there clearly had been record activity within one year preceding the order of dismissal and within sixty days of the issuance of the notice of dismissal. Reyes would have been able to obtain a correction of these errors if he had been given notice and an opportunity to be heard. However, Reyes received no notice. Therefore, the order dismissing the case, which we treat as a final judgment

8

because it disposed of the entire cause before the court, is void. A void judgment may be set aside at any time under rule 1.540(b)(4). We, therefore, reverse the circuit court's order denying Reyes's motion to vacate filed pursuant to rule 1.540(b)(4) and remand for reinstatement of the lawsuit and for proceedings consistent with this opinion.

Reversed and remanded.

9