# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-2046
_____

MARVIN PACE,

    Appellant,

    v.

RICKY D. DIXON, Sec'y, FLA.
Dept of Corrections, and
WARDEN LAMB, SGT. BAILEY, and
OFFICER TUCKER,

    Appellees.

_____

On appeal from the Circuit Court for Union County.
Robert K. Groeb, Judge.

February 19, 2025

PER CURIAM.

Appellant, Marvin Pace, appeals the dismissal of his second amended complaint, in which he sought damages against Appellees for actions allegedly taken against him while in the Union Correctional Institution, along with the trial court's denial of his petition to vacate the dismissal order which was based upon his representation that he never received the trial court's notice of intent to dismiss the case. In that notice, the trial court gave Appellant an additional thirty days within which to effectuate service on Appellees pursuant to Florida Rule of Civil Procedure 1.070(j). Appellees do not dispute that Appellant did not receive

the court's notice. They argue instead that because the trial court had already once vacated a dismissal order on the basis that Appellant did not receive the court's notice of intent to dismiss and granted Appellant an additional thirty days within which to serve Appellees, Appellant's knowledge of the risk of dismissal essentially excused the fact that he did not receive the second notice of intent to dismiss. However, the record shows that Appellant filed within the thirty-day extension period a "Notice Service of Process Completed" and later filed a notice of inquiry with the trial court in which he claimed that he complied with the court's order. Thereafter, the trial court entered its notice of intent to dismiss on the basis that Appellant failed to properly effectuate service under rule 1.070(j). After the trial court dismissed the case for the second time, Appellant filed a petition to vacate the dismissal order on the basis that he did not receive the court's notice because he was in the hospital and on self-harm observation status and because his legal mail, including the court's notice, was forwarded to the wrong medical facility.

Pursuant to rule 1.070(j), it is only after notice is given that a court on its own initiative may dismiss an action without prejudice. Because it is undisputed that Appellant did not receive the trial court's notice, the trial court erred in not vacating its dismissal order. *See AIM Recovery Servs., Inc. v. Williams*, 232 So. 3d 1106, 1107 (Fla. 3d DCA 2017) ("Because Williams established that he did not receive notice and was not provided an opportunity to be heard, the default and default final judgment were void and properly vacated."); *Reyes v. Aqua Life Corp.*, 209 So. 3d 47, 51 (Fla. 3d DCA 2016) ("Judgments entered without notice are void, and relief from a void judgment may be granted at any time."); *Wells Fargo Bank, N.A. v. Michaels*, 166 So. 3d 226, 227 (Fla. 5th DCA 2015) ("It is well-settled that an order entered without notice is void."); *Falkner v. Amerifirst Savings & Loan Ass'n*, 489 So. 2d 758, 759 (Fla. 3d DCA 1986) (noting that the appellants filed a sworn motion to vacate and set aside the orders of dismissal in which they alleged lack of notice prior to a hearing on the motion to dismiss and holding that where the uncontroverted facts showed that the appellants did not receive notice, the trial court was obligated to grant relief from the judgment as a matter of law).

REVERSED and REMANDED.

LEWIS, BILBREY, and WINOKUR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Marvin Pace, pro se, Appellant.

James Uthmeier, Attorney General, and Brian R. Flynn-Fallon, Assistant Attorney General, Tallahassee, for Appellees.