# Third District Court of Appeal

## State of Florida

Opinion filed February 11, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-521
Lower Tribunal No. 12-48683

_____

## Foche Mortgage, LLC,
Appellant,

vs.

## CitiMortgage, Inc.,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice A. Butchko, Judge.

P.A. Bravo, and Paul Alexander Bravo and Jason Bravo (Hallandale), for appellant.

Akerman, LLP, and Nancy M. Wallace and Ryan D. O'Connor, Elisa Miller and Michele Rowe (Tallahassee); William P. Heller and Lorraine Corsaro (Fort Lauderdale), for appellee.

Before EMAS, FERNANDEZ and LOGUE, JJ.

FERNANDEZ, J.

Foche Mortgage, LLC appeals an order granting CitiMortgage, Inc.'s motion

to vacate a final summary judgment, as well as an order denying Foche Mortgage's

motion for reconsideration. We reverse the trial court's order granting CitiMortgage's motion to vacate the final judgment because CitiMortgage's motion for reconsideration was untimely.

CitiMortgage filed a mortgage foreclosure action against Foche Mortgage. On November 25, 2013, the trial court granted final summary judgment in favor of Foche Mortgage based on the five-year statute of limitations. On December 6, 2013, CitiMortgage moved for rehearing, or alternatively, to vacate the summary judgment order pursuant to Florida Rule of Civil Procedure 1.530. The trial court granted CitiMortgage's motion to vacate the final summary judgment on February 10, 2014, concluding that the statute of limitations was miscalculated. Foche Mortgage moved for reconsideration, or alternatively, to stay. The trial court denied reconsideration and granted a stay.

The standard of review "on an order ruling on a motion for relief from judgment filed under Florida Rule of Civil Procedure 1.540(b) is whether there has been an abuse of the trial court's discretion." Leach v. Salehpour, 19 So. 3d 342, 344 (Fla. 2d DCA 2009); see also Gaffney v. Gaffney, 965 So. 2d 1217, 1221 (Fla. 4th DCA 2007) (opining that "[a] trial court's decision on a motion for rehearing is reviewed for an abuse of discretion").

We have jurisdiction to review the trial court's February 10, 2014 order vacating its final judgment in favor of Foche Mortgage because the order is

2

appealable under Florida Rule of Appellate Procedure 9.130(a)(4)-(5). CitiMortgage's December 6, 2013 motion for reconsideration only references Florida Rule of Civil Procedure 1.530 and is entirely premised upon that rule. No mention of rule 1.540 is made in the motion, nor is reference made to any of the operative provisions of rule 1.540.

A motion under the then applicable version of rule 1.530 had to have been served within ten days of the trial court's final judgment of November 25, 2013.[1] CitiMortgage's motion was not served within that time-frame, as it was served on December 6, 2013. Thus, the trial court was without jurisdiction to grant or even consider an untimely motion under rule 1.530. Having served an untimely motion for reconsideration, CitiMortgage's only avenue of recourse to challenge the trial court's November 25, 2013 order was to file an appeal of the final judgment. It did not.

Because CitiMortgage's rule 1.530 motion was untimely, it seeks to have this Court construe its motion as a rule 1.540 motion, which may be filed within a year of the judgment. However, CitiMortgage's motion makes no mention of rule 1.540.

As such, the trial judge was without jurisdiction to grant CitiMortgage's motion because CitiMortgage's rule 1.530 motion was untimely. Accordingly, we

---

[1] Rule 1.530 has recently been amended to provide for the service of motions for a new trial within fifteen days of the judgment, but the parties concur in their briefs that the ten-day period was the applicable time period for this case.

reverse the trial court's order of February 10, 2014, and remand the case with instructions to reinstate the final judgment of November 25, 2013, in favor of Foche Mortgage.

Reversed and remanded with instructions.