# Third District Court of Appeal

## State of Florida

Opinion filed April 26, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-849
Lower Tribunal No. 04-20174

_____

**Coral Gables Imports, Inc.,**
Appellant,

vs.

**Ricardo Suarez,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Norma S. Lindsey, Judge.

Jesse Dean-Kluger, P.A., and Jesse Dean-Kluger, for appellant.

MSP Recovery Law Firm and John H. Ruiz, Christine M. Lugo, and Shayna K. Hudson, for appellee.

Before SUAREZ, C.J., and FERNANDEZ, and SCALES, JJ.

FERNANDEZ, J.

Coral Gables Imports, Inc. appeals the trial court's entry of an order granting appellee Ricardo Suarez's Amended Motion to Vacate Order of Dismissal for Lack of Prosecution. We affirm because Suarez correctly moved to vacate the dismissal

order as void, pursuant to Florida Rule of Civil Procedure 1.540(b)(4),[1] where the trial court entered the dismissal order without notice and the record reflected record activity.

This case arose from a Notice of Lack of Prosecution issued in accordance with the requirements of Florida Rule of Civil Procedure 1.420(e). Suarez initiated a class action suit against Coral Gables Imports on September 23, 2004. On August 14, 2014, the Clerk of the Eleventh Judicial Circuit produced and docketed its Notice of Lack of Prosecution in which it advised the trial court that no record activity had occurred in the case for the proceeding ten months. The trial court signed and served the Notice upon the parties on October 22, 2014.

On September 11, 2014, unbeknownst to the trial court when it signed and served the October 22, 2014 Notice, Suarez had filed a Notice of Change of Address. The filing of the Notice of Change of Address had a twofold effect. Since the Notice of Lack of Prosecution had been produced on August 14, 2014, approximately one month before Suarez changed his address, the Notice the trial court served on October 22, 2014 would not have reached Suarez because it would have been delivered to his old address.

---

[1] In his Amended Motion to Vacate Order of Dismissal for Lack of Prosecution, Suarez did not cite to rule 1.540(b)(4). His grounds for relief, however, fall squarely under this rule.

Moreover, the Notice of Change of Address would have satisfied the record activity requirement of rule 1.420(e), thereby precluding dismissal of the action for lack of prosecution. See Chemrock Corp. v. Tampa Elec. Co., 71 So. 3d 786 (Fla. 2011)(holding that any filing of record during the applicable time frame is sufficient to preclude dismissal).

There was no appearance at the December 4, 2014 hearing on the Notice of Lack of Prosecution. The trial court dismissed the action without prejudice for lack of prosecution on December 4, 2014.

Suarez moved to vacate the order of dismissal on January 27, 2016, approximately fourteen months after dismissal of the action. On February 1, 2016, Suarez filed an Amended Motion to Vacate Order of Dismissal for Lack of Prosecution. Suarez argued that he did not receive the trial court's Notice of Lack of Prosecution and Notice of Hearing on the trial court's Motion to Dismiss for Lack of Prosecution. Suarez further argued that there was record activity, namely his Notice of Change of Address, within the sixty-day period following the trial court's Notice. The trial court granted the amended motion on March 8, 2016.

The standard of review for an order that rules on a motion for relief from judgment filed under Florida Rule of Civil Procedure 1.540(b) is whether there has been an abuse of the trial court's discretion. Foche Mort., LLC v. CitiMortgage, Inc., 163 So. 3d 525, 526 (Fla. 3d DCA 2015). Florida Rule of Civil Procedure

3

1.540(b) provides grounds for relief from a final judgment, decree, order, or proceeding when the judgment or degree is void. Rule 1.540(b) specifically provides:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; **(4) that the judgment or decree is void**; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.
>
> Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining any relief from a judgment or decree shall be by motion as prescribed in these rules or by an independent action.

(emphasis added).

Suarez correctly argues on appeal that the judgment is void and that the one-year limitation to file a motion to vacate is inapplicable under rule 1.540(b)(4). In

4

De La Osa, this Court affirmed the trial court's order that vacated a dismissal where the plaintiff neither received notice to appear for trial nor a copy of the dismissal order. De La Osa v. Wells Fargo Bank, N.A., 208 So. 3d 259 (Fla. 3d DCA 2016). We held on motion for rehearing en banc in that case that rule 1.540(b)(4) applies to final orders of dismissal and concluded that the final order was void. Id. at 264-65. The same reasoning applies here such that the one-year limitation to file a motion to vacate does not apply. The rule instead requires the motion to be filed within a reasonable time. Thus, Suarez's motion to vacate filed approximately fourteen months after dismissal of the action was filed within a reasonable time.

We therefore affirm the order that vacated the dismissal. Suarez correctly moved to vacate the dismissal order as void, pursuant to Florida Rule of Civil Procedure 1.540(b)(4), where the court entered the dismissal order without notice and the record reflected record activity.

Affirmed.