# Third District Court of Appeal

## State of Florida

Opinion filed December 14, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-648
Lower Tribunal No. 18-19653
_____

## First Call 24/7, Inc.,
Appellant,

vs.

## Alvaro J. Rios,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Law Offices of Jason Gordon, P.A., and Jason Gordon (Hollywood), for appellant.

No appearance, for appellee.

Before LOGUE, HENDON and GORDO, JJ.

HENDON, J.

First Call 24/7 ("First Call") appeals from the trial court's dismissal of its complaint against Alvaro Rios ("Rios")[1] for lack of prosecution, entered while the case was stayed pursuant to a suggestion of bankruptcy. We reverse.

Facts

First Call is a Florida corporation located in Broward County, whose business is mold, fire, and water remediation. In March 2017, Rios contracted with First Call for construction-related service at his residential property in Miami. First Call completed the work, but Rios failed to pay First Call the $24,311.65 charged to him. First Call recorded a lien against the property in June 2017, and in 2018 filed a complaint against Rios alleging breach of contract, quantum meruit, and to foreclose the lien. Rios was served but never responded to the complaint. First Call's motion for default was granted with a Clerk's Default on September 6, 2018. The motion for default final judgment was noticed for hearing on October 3, 2018, and then re-noticed for October 4, 2018. The docket shows that a five-minute motion calendar occurred on October 3, 2018, but the record does not contain any order stemming from that hearing.

---

[1] Appellee Rios has been precluded from filing an Answer Brief and from oral argument, and has not as of this date filed any papers with the court in support of his position.

On August 19, 2019, the trial court issued a Notice of Lack of Prosecution and Order to Appear for Hearing ("FWOP Notice") set for October 31, 2019, which stated that "there has been no record activity for the last ten (10) months and no stay has been issued or approved by the court."[2]

On October 7, 2019, Rios filed a petition for bankruptcy in federal court, and a suggestion of bankruptcy was entered on the trial court docket. On October 10, 2019, First Call's case against Rios was ordered stayed and placed on inactive status as a result of the pending bankruptcy. The order states that "the parties must return the case to active status, with notice to all parties, within 30 days of the termination of grounds for inactive status, and seeking an order of court returning it to active status."

However, the Clerk did not docket the August 19, 2019 FWOP Notice on August 19, 2019; rather, it was docketed on October 31, 2019, the date the parties were to attend the FWOP hearing. Neither party appeared for the hearing, and there is no indication in the record that the parties were

---

[2] The Notice does not appear in the record on appeal – First Call includes it in the Appendix and asks this Court to take judicial notice of it.

3

ever given notice of the August 2019 FWOP Notice prior to the October 31 hearing date. On November 1, 2019, the trial court dismissed the case.[3]

On March 7, 2022, First Call, via new counsel,[4] filed its motion to vacate the November 2019 dismissal based on the automatic bankruptcy stay that existed at the time. In a summary order, the trial court denied the motion to vacate and First Call appeals.

Standard of Review –

The standard of review of a trial court's denial of a motion to vacate a final order of dismissal for lack of prosecution is generally abuse of discretion. See Rinconcito Latino Cafeteria, Inc. v. Ocampos, 276 So. 3d 525, 527 (Fla. 3d DCA 2019). However, where a motion to vacate depends upon whether the underlying order is void, the determination is a legal question that is reviewed de novo. See Nationstar Mortgage, LLC v. Diaz, 227 So. 3d 726, 729 (Fla. 3d DCA 2017).

Discussion

---

[3] The bankruptcy court dismissed the case without discharge on December 17, 2019, and closed the case on March 18, 2020. The state trial court docket shows no notice by Rios's bankruptcy counsel that the bankruptcy case had closed.

[4] First Call indicates that "Undersigned counsel did not commence representing First Call in this matter until the Motion to Vacate was filed in March 2022, and is thus unaware of the reasons no Order was entered on the Motion for Default Judgment."

Although First Call did not cite to rule 1.540(b)(4)[5] in its motion to vacate the November 2019 dismissal, the grounds for relief fall squarely under this rule. First Call correctly moved to vacate the dismissal order as void, as the trial court entered the dismissal order without notice to the parties as a result of the Clerk's failure to timely docket the August 19, 2019 FWOP order or notice the parties. Rogers v. First Nat'l. Bank at Winter Park, 232 So. 2d 377, 378 (Fla. 1970) ("When viewed in its totality, the series of events that transpired below call for a liberal application of Rule 1.540(b), especially since it appears that the rules for notice were not complied with. While our procedural rules provide for an orderly and expeditious administration of justice, we must take care to administer them in a manner conducive to the ends of justice."); Courtney v. Catalina, Ltd., 130 So. 3d 739, 740 (Fla. 3d DCA 2014) (reversing a trial court order that failed to grant a motion under rule 1.540(b)(4) to set aside an order of dismissal for lack of prosecution "because it is undisputed in the record that he did not receive either the notice of inactivity or the final order of dismissal."); De La Osa v. Wells Fargo Bank, N.A., 208 So. 3d 259 (Fla. 3d DCA 2016) (affirming the trial court's order vacating a dismissal where the plaintiff neither received notice to appear for trial nor a copy of the

---

[5] Florida Rule of Civil Procedure 1.540(b)(4) authorizes a court to relieve a party from a void "judgment or decree."

5

dismissal order). Further, there was an automatic bankruptcy stay in place, and the record reflects record activity. See Coral Gables Imports, Inc. v. Suarez, 219 So. 3d 101, 102 (Fla. 3d DCA 2017) (affirming the vacating of a void dismissal order, pursuant to Florida Rule of Civil Procedure 1.540(b)(4), where the court entered the dismissal order without notice and the record reflected record activity).

Accordingly, we reverse the order denying First Call's Motion to Vacate, and remand for further proceedings consistent with this opinion.

Reversed and remanded.