# Third District Court of Appeal

## State of Florida

Opinion filed July 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1780
Lower Tribunal No. 21-10419-CA-01
_____

**Gabriela Castillo and Sergio Binsavale,**
Appellants,

vs.

**Viviana Valbonesi,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Peter Lopez, Judge.

Raule E. Espinoza, P.L., and Raul E. Espinoza, for appellants.

Law Offices of Victor T. Gutierrez, and Victor T. Gutierrez, for appellee.

Before LOGUE, BOKOR and GOODEN, JJ.

GOODEN, J.

Appellants Gabriela Castillo and Sergio Binsavale appeal an order vacating a dismissal for lack of prosecution. Because we find that the trial court did not abuse its discretion, we affirm.

**I.**

Appellee Viviana Valbonesi filed suit against Castillo and Binsavale. After pleadings closed and initial discovery was conducted, there was no record activity for over ten months. In accordance with its case management duties, the trial court issued a notice of lack of prosecution and set the matter for hearing. Fla. R. Civ. P. 1.420(e).

During the period of no record activity, Valbonesi's counsel—a solo practitioner with no office staff—had a severe heart attack, underwent two open heart surgeries, spent over a month in the hospital, endured months of rehabilitation, and was unable to work. Because of his health issues, he failed to place the hearing on his calendar. When he did not attend the hearing, the trial court dismissed the case.

Valbonesi subsequently moved to vacate the dismissal. In support, Valbonesi submitted an affidavit from her counsel setting forth the timeline, his health issues, and the reason he did not appear at the hearing. Castillo and Binsavale opposed the motion. Focusing on Florida Rule of Civil

2

Procedure 1.420(e), they asserted that Valbonesi did not show "good cause" before the dismissal occurred.

Based on these facts, the trial court granted Valbonesi's motion to vacate under Florida Rule of Civil Procedure 1.540 and found she demonstrated excusable neglect. Castillo and Binsavale appealed.

**II.**

Despite the Appellants' arguments otherwise, this case is controlled by Florida Rule of Civil Procedure 1.540—not Rule 1.420.[1] This is because the order on appeal is from a 1.540 motion and not directly from the order of dismissal. To that end, we review the order to determine whether there has been an abuse of discretion. Coral Gables Imports, Inc. v. Suarez, 219 So. 3d 101, 103 (Fla. 3d DCA 2017); Tikhomirov v. Bank of New York Mellon, 223 So. 3d 1112, 1116 (Fla. 3d DCA 2017).

---

[1] Certainly, a major health crisis, such as this, would constitute good cause under Rule 1.420(e). See A & W Elec. of Miami, Inc. v. Abraira, 567 So. 2d 36, 36 (Fla. 3d DCA 1990) ("The plaintiff's double bypass heart surgery and subsequent period of rehabilitation was a sufficient excuse for failure to prosecute his claim within one year."); Schlakman v. Helliwell, Melrose & DeWolf, 519 So. 2d 14, 15 (Fla. 3d DCA 1987) ("Physical disability of a plaintiff or plaintiff's attorney constitutes good cause, justifying a trial court's refusal to dismiss for failure to prosecute under Rule 1.420(e), Florida Rules Civil Procedure."); Barnes v. Ross, 386 So. 2d 812, 814–15 (Fla. 3d DCA 1980) ("We hold that a disabling injury or illness which prevents a party's attorney from engaging in a one-person law practice for one-third of the year during which an action is pending constitutes good cause to preclude dismissal under Rule 1.420(e), Florida Rules of Civil Procedure.").

"Florida Rule of Civil Procedure 1.540(b) authorizes a trial court, within one year of its order, to grant relief for mistake, inadvertence, surprise, or excusable neglect." Rinconcito Latino Cafeteria, Inc. v. Ocampos, 276 So. 3d 525, 527 (Fla. 3d DCA 2019). "Excusable neglect is found where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir." Realeza Motors, Inc. v. Alvarez, 394 So. 3d 722, 725 (Fla. 3d DCA 2024). It is for honest mistakes. Zuchaer v. Peninsula Condo. Ass'n Inc., 348 So. 3d 1201, 1204 (Fla. 3d DCA 2022). Examples include an attorney or legal assistant not calendaring and counsel failing to attend a hearing. See, e.g., Ocwen Loan Servicing, LLC v. Brogdon, 185 So. 3d 627, 629 (Fla. 5th DCA 2016); Acosta v. Deutsche Bank Nat'l Tr. Co., 88 So. 3d 415, 417 (Fla. 4th DCA 2012). It also includes where an illness interferes with an attorney's or party's ability to act in court. See, e.g., Paul v. Wells Fargo Bank, N.A., 68 So. 3d 979, 984 (Fla. 2d DCA 2011); Rosenblatt v. Rosenblatt, 528 So. 2d 74, 75 (Fla. 4th DCA 1988); Jax Sani Serva Sys., Inc. v. Burkett, 509 So. 2d 1251, 1252 (Fla. 1st DCA 1987).

Finding this case squarely fits into this mold, the trial court did not abuse its discretion by granting the motion and vacating the dismissal. Valbonesi's motion to vacate the dismissal alleged sufficient facts to show

"excusable neglect." She addressed both her counsel's health issues and his failure to calendar the hearing and to attend.

Even still, Castillo and Binsavale argue that a trial court cannot vacate a dismissal for lack of prosecution under Rule 1.540. Not so. Nothing in the text of Rule 1.540 prohibits the trial court's actions. Instead, Rule 1.540 expressly allows a trial court to relieve a party from any "final judgment, decree, order, or proceeding" for "excusable neglect." Fla. R. Civ. P. 1.540. Nothing in the Rule's text prohibits it from applying to dismissals for lack of prosecution under Rule 1.420(e). See Hamlin v. Shaughnessy Overland Express, Inc., 403 So. 3d 458, 460–61 (Fla. 6th DCA 2025); Coral Gables Imps., Inc., 219 So. 3d at 103 (Fla. 3d DCA 2017); Allstate Ins. Co. v. Bucelo, 650 So. 2d 1128, 1129 n.1 (Fla. 3d DCA 1995).

"While our procedural rules provide for an orderly and expeditious administration of justice, we must take care to administer them in a manner conducive to the ends of justice." Rogers v. First Nat'l Bank at Winter Park, 232 So. 2d 377, 378 (Fla. 1970). The trial court did so here.

Affirmed.